| .SOL GOTHARD, Judge.
Plaintiff, Janice Hutchinson, appears before this court in proper person seeking review of a judgment by the trial court that dismissed her action for legal malpractice. The malpractice action resulted from a failure of defendant law firm to file timely an action for damages sustained by plaintiffs minor son, Bryant Sibley, Jr., in an automobile accident that occurred on August 21, 1997. The action for malpractice was filed on April 19, 1999 when plaintiff was represented by new legal counsel. Since that time plaintiff has become dissatisfied with the legal representation of several licensed attorneys and has appeared in proper person on her son’s behalf since July of 2002. On April 28, 2003, the trial court granted a defense motion to dismiss the matter for failure to comply with the court’s orders regarding discovery. It is that judgment which is before us in this appeal.
As previously stated, the record shows that the legal malpractice action was filed on April 19, 1999! The petition alleges that defendant law firm Jumonville & Lee, and individual attorneys, Jan P. Jumonville and Patrick F. Lee were retained by Ms. Hutchinson to represent the interests of her minor son for injuries received | sm an automobile accident on July 12, 1997. Documents in the record show that four-year-old Bryant was riding in the open bed of a pick-up truck driven by his father when the truck was hit in the rear by another vehicle. Thankfully, although being placed unrestrained in the back of a pick-up and being thrown out of the vehicle on impact, Bryant did not sustain life-threatening injuries. The hospital records show that little Bryant suffered multiple abrasions to the scalp, back, buttocks, hand, elbow and knee. He was alert and oriented in the emergency room and a CT scan was ordered. The diagnostic tests showed evidence of a mild to moderate right lateral parietal scalp hematoma, with no evidence of definite or depressed skull fracture. There was no evidence of intra-cranial hemorrhage or hematoma, cerebral edema mass or mass effect. He was released from the hospital after the diagnosis. The record contains a letter from Bryant’s treating physician who reports that Bryant will likely suffer chronic headaches for the rest of his life as a result of the accident. Bryant’s mother reported that he is fearful of riding in vehicles and still has pain in his knee.
Defendants failed to file suit timely, thereby allowing the applicable prescriptive period to extinguish any rights plaintiff may have had against the original tort-feasor. A letter acknowledging that fact is contained in the record. Also made defendant in the lawsuit is Westport Insurance Corporation, the legal malpractice carrier for the defendants. The petition was filed by counsel for plaintiff, David Bernberg.
Kelly Barbier filed a petition of intervention for legal fees due, alleging that plaintiff had retained his legal services to represent her in the legal malpractice *894 claim against the named defendants, but discharged him. Attachments to the petition show that Ms. Hutchinson signed a “Retainer Contract” with Barbier on October 27, 1998. Apparently, Ms. Hutchinson also became unhappy with the representation of Mr. Bernberg, because a second petition for intervention was | ¿filed by David Bernberg and the law firm of Jacobs, Manuel, Kain & Bernberg. The petition alleges Ms. Hutchinson retained their legal services regarding this legal malpractice action, but subsequently discharged them. Attached to that petition are an undated “Contract of Employment” signed by Ms. Hutchinson, and a letter from Ms. Hutchinson discharging Bernberg and his firm dated August 23,1999.
Because of the confusion over who was actually representing Ms. Hutchinson in this legal malpractice matter, defendants filed a motion for extension of time to file responsive pleadings. In that motion, defendants assert that Ms. Hutchinson would now be represented by Kerry Cockrell. It does not appear that Mr. Cockrell filed a formal motion to enroll as counsel. Nevertheless, a motion to substitute counsel was filed by Alfred Shapiro on February 14, 2000 in which it is asserted that Mr. Cock-rell is no longer representing Ms. Hutchinson. A subsequent “Petition for Intervention” filed by Mr. Cockrell shows that he was discharged on January 11, 2000.
Mr. Shapiro was apparently discharged by February 24, 2000, because on that date Ms. Hutchinson filed a pro se “Motion to Set for Trial on the Merits.” In the motion, Ms. Hutchinson asserts that all discovery has been completed, and that the case is ready for trial on the merits. Also on that date, Ms. Hutchinson wrote a letter to the trial court stating that:
We have been through four different' attorneys to represent us in this legal malpractice lawsuit with no success in bring (sic) closure to this case, As a result, however, due to poor legal guidance each one has been discharged from the case.
On March 3, 2000, all defendants in the legal malpractice answered the petition, and filed a “Motion to Determine Counsel.” In the motion, defendants assert that they have entered into discussions with all of plaintiffs attorneys, including Mr. Shapiro, who was hired only ten days before Ms. Hutchinson’s pro |fise motion to set for trial. The motion also addressed the fact that, despite Ms. Hutchinson’s representation to the court in the motion to set for trial, discovery was not complete and, in fact, had not begun. According to a minute entry, there was a status conference on March 30, 2000, at which all parties, including Ms. Hutchinson, were present. The court held that the motion to determine counsel would be considered on April 27th.
On March 23, 2000, Mr. Shapiro filed a motion to withdraw as counsel, and on April 4, 2000, Ms. Hutchinson enrolled as counsel for herself. The minute entry on April 27, 2000 indicates there were no appearances for Ms. Hutchinson. At that time the court ruled that Cleo Fields must enroll as counsel[1].
On May 23, 2000, Cleo Fields and Michael Guy enrolled as counsel of record for Ms. Hutchinson. At this point, it appears that discovery began, as there are several notices of deposition filed by defendants. On June 20, 2002, Mr. Fields and Mr. Guy withdrew as counsel of record. On June 25, 2002, defendants filed a motion for a status conference, which was set for July 16, 2002. Ms. Hutchinson again appeared *895 in proper person. In that capacity she filed a request for a jury trial on July 2, 2002, which was opposed by the defendants.
On July 16, 2002, the request for jury trial was denied by the court as untimely, and a formal motion to enroll as pro se counsel filed by Ms. Hutchinson was granted by the trial judge with the notation that the motion was “signed after detailed advice to mover (plaintiff) re. the disadvantages of proceeding unrepresented.”
Trial was set for April 21, 2003 by a pretrial order signed on September 11, 2002. Discovery continued and on October 11, 2002, defendants filed a motion to compel answers to interrogatories and responses to requests for production of documents alleging Ms. Hutchinson failed to properly respond to discovery | ¿motions served on her on August 16, 2002. A hearing on the motion was set for November 20, 2002. Ms. Hutchinson did not attend; however, she filed an opposition to the motion to compel asserting she should not have to respond because she does “not understand” the interrogatories or the request for the production of documents. On November 27, 2002, the trial court granted the motion to compel and ordered Ms. Hutchinson to respond within fifteen days from receipt of the order. Ms. Hutchinson moved for, and was granted, a thirty-day extension for compliance of that order. When no response was received from Ms. Hutchinson in the allotted time, defendants filed a motion to dismiss the lawsuit.
The trial court heard the motion to dismiss on April 21, 2003. The transcript of that hearing is contained in the record. It shows that Ms. Hutchinson explained that she had not answered the interrogatories because she did not have an attorney to explain them to her. Ms. Hutchinson acknowledged that she has had several attorneys during the course of this lawsuit and that she chose to represent herself after being advised of the disadvantages of self-representation. Mr. Hutchinson also attended the hearing and spoke on his wife’s behalf. He explained that his wife was ill and unable to attend the September 11, 2002 hearing. The trial court explained to Mr. Hutchinson that the issue was failure to respond to the discovery requests, not failure to attend the hearing.
The trial court further inquired about any efforts the Hutchinsons may have made to answer the discovery. Mr. Hutchinson explained that they tried to answer the interrogatories, but did not understand them. However, Mr. Hutchinson asserted that they did reply. Counsel for the defendants responded that the response to every interrogatory and request for production of documents was “could you be more specific.” Defendant’s counsel explained to the trial court that the interrogatories were written specifically in a manner that a layman would be able to understand, such as the name, address and telephone number of any family 17member who suffers from migraine headaches. Other questions involve a previous incident on December 14, 1995 when Bryan was admitted to North Oaks Hospital emergency room with a head injury. Defense counsel also reported that he had been contacted by four different attorneys representing the Hutchinsons with the intent of responding to discovery with a focus on settlement, before each attorney was fired by Ms. Hutchinson.
The Hutchinsons responded that they were trying to get an attorney who would handle the case for them, but were so far unsuccessful. In the end they asked the court for mercy for their son and additional time to get a new attorney. The court noted that was the exact same plea the Hutchinsons made to the court eight *896 months before, and granted the motion to dismiss.
In brief to this court, plaintiff assigns eleven errors for our review. Some of these errors do not relate to the specific judgment of dismissal before us. However, recognizing that Ms. Hutchinson is appearing before this court in proper person, and because we interpret the thrust of plaintiffs argument to be that her petition was dismissed unfairly, we will consider all matters presented to us in this appeal. We have grouped Ms. Hutchinson’s eleven assignments of error into two topics for discussion; the inappropriate conduct of the trial court in the proceedings, and the dismissal of plaintiffs’ cause of action for failure to abide by the rules of discovery.
In her accusations against the trial judge, Ms. Hutchinson avers that the judge’s conduct in this case was in violation of the District Court Standards and the Code of Professionalism in the Courts embodied in Part G of the Supreme Court rules. Specifically, Ms. Hutchinson asserts the judge was “rude” at a status conference held on July 16, 2002 when she asked for a jury trial. Ms. Hutchinson continues to explain that, in closing, the judge expressed his regret that Ms. Hutchinson had a “bad experience” in the court system. Ms. Hutchinson concedes, IsShe did not know to which “bad experience” the judge referred, but concluded it was an acknowledgment that she was treated badly in the conference.
Ms. Hutchinson also asserts that the trial court violated its trust to the litigants in his court room:
1. By denying her request for a jury trial.
2. “When it did not enforce it’s (sic) orders to have the defendant take a deposition as well as the plaintiffs in this case.”
8. By not enforcing its order to return to plaintiffs a videotape of Bryant that documented his injuries.
4. In holding a pro se litigant to the same degree of standards it would hold a licensed attorney.
5. In inaccurately transcribing the minutes for the hearing on April 11, 2008.
La. C.C.P. art. 1733 C provides that a request for jury trial must be filed no later than ten days after the service of the last pleading directed to any issue triable by a jury. In this case the original petition was filed in April of 1999 and the answer was filed in March of 2000. Thus, Ms. Hutchinson’s request for a jury trial, filed on July 2, 2002 over two years after defendants’ answer, is clearly untimely and the trial court was correct in its denial of the request.
The allegations that the trial court did not enforce its “orders” is totally without merit, since the record does not indicate that any such orders were ever issued by the court.
It is clear from the record that Ms. Hutchinson sought and rejected the advice of several licensed attorneys over the projected course of this litigation and felt she could handle the case more effectively. It is also apparent from documents contained in the record that the main disagreement between Ms. Hutchinson and her attorneys involved issues of quantum. In brief to this court, Ms. Hutchinson states that she originally requested $750,000.00 for damages. On appeal she states that “at this time plaintiffs-appellants feel that due to the fact that this legal malpractice lawsuit has been so seriously detrimental to our entire family, | flplaintiffs-appellants feel that a sum of ($2.5 Million Dollars) would be a more ‘fair’ and justifiable amount in order to compensate plaintiffs-appellants for damages in this case.”
*897 Ms. Hutchinson sought self-representation, which is her right, and accepted the consequences after having been advised that litigation may present problems for which she was not prepared. Contrary to Ms. Hutchinson’s allegation that she was held to the same standards as a licensed attorney, we find the opposite is true. We have reviewed the interrogatories propounded to her and find them to be straightforward and understandable to a layman of Ms. Hutchinson’s education and intelligence. The lack of regard for the rules of discovery, and efforts to delay proceedings shown in this case by a licensed attorney would have merited a much stricter standard. Ms. Hutchinson was given much latitude and consideration by the opposing attorneys and the trial court in this case because of her pro se status. We find this argument to be without merit.
Ms. Hutchinson’s allegation that the trial court canceled an appearance at a status conference once in the course of a matter which has been pending for almost five years can not be construed in any way to be a violation of any code of performance or rules of court.
The assertion that the trial court inaccurately transcribed the “minutes for the hearing on April 11, 2003” is a serious accusation of wrong doing by the trial court which is totally unjustified. It is not clear from the assignment of error or the argument whether the misrepresentations alleged by Ms. Hutchinson are in the minute entry or the transcript. Both are contained in the record and this court can find no inconsistencies. The actual transcript of the hearing, certified by the court reporter, is contained in the record. The transcript shows that the trial court granted a defense motion to dismiss after hearing argument from both sides, giving oral reasons for his ruling. The minute entry for that date accurately reflects that.
ImFinding no merit in the first part of plaintiffs’ argument, we now consider the issues regarding the review of the judgment on appeal.
La. C.C.P. art. 1471 allows dismissal of plaintiffs action as a sanction for failure to comply with discovery orders. In Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199, the Supreme Court enunciated four factors to consider before taking the drastic measure of dismissal.
(1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party’s trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
Id. 635 So.2d at 203 (citing; Batson v. Neal Spelce Associates, Inc., 765 F.2d 511 (5th Cir.1985); U.S. for Use of MCO Const. v. Shipco General, 814 F.2d 1011 (5th Cir.1987))
In the matter before us, Ms. Hutchinson is the client and is directly and solely responsible for the failure to' comply with the discovery order which led to the dismissal. She was impatient, unrealistic in her expectations of damages and dissatisfied with the representation of several attorneys. Consequently, she demanded self-representation despite the trial court’s warning that such procedure was unwise. Further, she was given special consideration and extra time to respond to discovery.
It appears to this court that the legal malpractice, which was admitted by defendant, was a simple case which, under normal circumstances would have been re *898 solved shortly after filing. It is clear from the record that Ms. Hutchinson’s refusal to heed the advice given by numerous counsels and her insistence in handling the matter on her own is the sole cause for the undue delays and ultimate dismissal.
Nevertheless, we are reminded that dismissal and defaults pursuant to art. 1471 are “draconian penalties which should be applied only in extreme circumstances.” Horton, supra 635 So.2d at 203. In the matter before us the |n allegation of legal malpractice appears to be well-founded, and will require an assessment of value of the underlying case. After hearing Ms. Hutchinson in oral argument before this court we are convinced that her concern for her son is genuine and we agree that little Bryant did not get deserved compensation as a result of the legal malpractice. We are hopeful that Ms. Hutchinson now recognizes the severity of the consequences of a failure to obey a court order, as well as her unrealistic expectations of quantum and her inability to represent her son effectively in this matter.
La. C.C.P. art. 2164 mandates this court to “render any judgment which is just, legal, and proper upon the record on appeal.” Consequently, we are reversing the judgment of dismissal and remanding the matter to the trial court with instructions to allow Ms. Hutchinson a reasonable amount of time to seek legal counsel and answer the interrogatories propounded to her, with a warning that her case will be dismissed if the new order of the trial court is not obeyed timely.

REVERSED AND REMANDED.

. While it is not clear from the record, it appears that the trial court was informed at that time that Ms. Hutchinson had retained Mr. Fields to represent her.