973 So.2d 132 (2007)
Judge WILSON, Plaintiff-Appellant,
v.
BROWN BROTHER, Defendant-Appellee.
No. 42,748-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
Judge Wilson, pro se.
Johnson, Stiltner & Rahman by Thomas D. Travis, Baton Rouge, for Appellees, Player's Building & Remodeling and LWCC.
*133 Rabalais, Unland & Lorio by. John J. Rabalais, Janice B. Unland, Robert T. Lorio, Covington, for Appellee, Pro Build Construction.
Zelda W. Tucker, for Appellee, Caddo Parish School Board.
Before CARAWAY, DREW and MOORE, JJ.
CARAWAY, J.
The plaintiff in this workers' compensation action had his claims against a party who was not the direct employer dismissed after failing to make discovery responses. The plaintiff was unrepresented by counsel and was given various opportunities to respond by multiple orders compelling discovery. The plaintiff appeals the dismissal. Finding no abuse of discretion by the workers' compensation judge ("WCJ"), we affirm.

Facts
In May 2006, the plaintiff, Judge Wilson ("Wilson"), was working on a construction job for Timothy Brown (d/b/a Brown Brothers)[1] when Wilson injured his hand. A month later, Wilson filed this Form 1008 workers' compensation claim in proper person. He listed Timothy Brown as his employer. In blank number 13 on the Form 1008 entitled "Dependent/HCP/Other," Wilson circled "Other" and included Pro Build Construction ("Pro Build") as another "contractor" involved in the dispute. Pro Build subcontracted with Brown Brothers for work on the project. Pro Build eventually filed an answer and initiated incidental claims against Brown Brothers and Player's Building and Remodeling, L.L.C. ("Player's").
Over the course of approximately ten months between Pro Build's answer and March 2007, Pro Build attempted discovery in various inquiries made on Wilson. Because of Wilson's failure to respond, Pro Build filed motions to compel discovery and eventually, after insufficient discovery responses, a motion to dismiss the action. The WCJ rendered three separate orders directing Wilson's compliance. The final order dated February 15, 2007, directed Wilson to show cause why a dismissal should not be granted. After a March 2007 hearing with no response by Wilson and discovery still unsatisfied, the WCJ dismissed Wilson's claims "in their entirety, with prejudice."[2]
Wilson now appeals.

Discussion
Patiently, over a lengthy period of time, the WCJ ordered Wilson's responses to discovery. Upon Pro Build's second motion to compel, Wilson attended a hearing and was directed to act by the WCJ. Thereafter, Wilson continued in his delinquency and also failed to appear for a scheduled medical evaluation. At the final hearing scheduled in March 2007, despite notice, Wilson failed to attend.
Although dismissal of the action is a harsh penalty which should be applied only in extreme circumstances, Article 1471 of the Code of Civil Procedure authorizes such dismissal. La. C.C.P. art. 1471(3); Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199. Dismissal is a sanction of last resort only to be imposed *134 where a party has failed to comply with a court order of discovery and only after an opportunity to be heard has been afforded the litigant. Hutchinson v. Westport Ins. Corp., 04-1592 (La.11/8/04), 886 So.2d 438
In the present action, as in the Hutchinson case, the plaintiff was unrepresented by counsel. Nevertheless, Wilson appeared at multiple hearings on the motions to compel and was heard by the WCJ, who gave him additional time for compliance. From our review of the Hutchinson ruling and the particular instances of noncompliance with discovery in this case, the WCJ did not abuse his discretion in the dismissal of Wilson's claims against Pro Build.
Accordingly, the ruling of the WCJ is affirmed. Costs of appeal are assessed to appellant.
AFFIRMED.
NOTES
[1] The defendant is incorrectly referred to as "Brown Brother" on the initial pleading filed by Wilson.
[2] We need not address the scope of the dismissal in regard to Wilson's claim against his employer. Nevertheless, the dispute appears to pertain only to Pro Build's discovery actions. Additionally, since Wilson made no claim against Player's, the dismissal of Wilson's principal demand against Pro Build would also end Pro Build's third party claim.