LOLLEY, J.
 

 | Calvin B. Lester, Jr. appeals a judgment from the First Judicial District Court for the Parish of Caddo, State of Louisiana, in favor of Blount Brothers Construction, Inc. For the following reasons, we vacate the judgment and remand for further proceedings.
 

 Facts
 

 This litigation arises out of a claim by Denzil Blount on behalf of his company, Blount Brothers Construction, Inc. (“Blount Brothers”). Blount claims that Alphonso Williams trespassed upon his property on November 26, 2006, and dumped loads of dirt (approximately 4,500
 
 *855
 
 cubic yards) on his property that was being used to operate a rock crusher. The petition was amended later to add Calvin B. Lester in his individual capacity. Blount Brothers alleged that Lester conspired with Williams to dump the dirt at the site.
 
 [1]
 

 During the course of litigation, the following series of events occurred:
 

 May 2, 2008: Blount Brothers propounded discovery to Lester, which discovery included interrogatories, requests for production of documents, and requests for admissions;
 

 |2June 5, 2008: Blount Brothers contacted Lester’s attorney (the same attorney as on appeal) regarding the responses to the discovery requests; she requested an extension of time to answer, which Blount Brothers granted until June 10th;
 

 June 10, 2008: According to Blount Brothers, Lester’s attorney requested another extension for responding until June 13th;
 

 June 17, 2008: Letter sent by Blount Brothers to Lester’s attorney notifying her that Blount Brothers would file a motion to compel discovery if the answers were not forthcoming;
 

 June 27, 2008: Blount Brothers files its motion for an order compelling discovery from Lester;
 

 July 28, 2008: Hearing on Blount Brother’s motion to compel; the trial court granted the motion and ordered Lester to respond within twenty (20) days; also on that date, the trial court issued its scheduling order fixing the trial for February 17, 2009, and a discovery cutoff date of January 19, 2009;
 

 September 12, 2008: Twenty-six days after the court-ordered response date, Lester had not filed responses to discovery request; Blount Brothers files its motion for sanctions seeking to have sanctions imposed against Lester for defying the trial court’s July 28th order; the motion for sanctions was set for hearing on October 27, 2008;
 

 October 27, 2008: The hearing on Blount Brothers’ motion for sanctions was held, and the trial court rendered judgment against Lester adjudicating him in contempt of court for his defiance of the July 28th | .¡order. Lester was ordered
 
 again
 
 to respond to the discovery within twenty (20) days, with the admonition that a failure to do so would result in the trial court entering “judgment in favor Blount Brothers Construction, Inc. and against defendant, Calvin Benjamin Lester, Jr., finding and adjudicating [him] liable on all allegations contained in the Petition, as amended”;
 

 November 24, 2008: Blount Brothers files its motion for sanctions and default judgment, because Lester had not responded to the original discovery request as ordered by the trial court; and,
 

 November 25, 2008: Lester files his responses to Blount Brother’s first request for discovery (207 days after receiving them).
 

 On December 15, 2008, a contradictory hearing on the motion for sanctions and default judgment was conducted, and the trial court rendered judgment against Les
 
 *856
 
 ter, assessing him with liability as a co-conspirator with Williams; additionally, Lester was assessed with attorney’s fees in the amount of $1,000.00 and all court costs incurred by Blount Brothers in prosecuting its discovery motions.
 
 [2]
 
 This appeal by Lester ensued.
 

 DISCUSSION
 

 We disagree with Lester’s argument in his first assignment of error that the trial court erred in not sustaining the “objection of res judicata” he raised at the trial court regarding Blount Brothers’ discovery attempts. He maintains that the exception should have been granted by the trial court in light of the previous litigation by Blount Brothers against Lester. Lester Largues that res judicata applies because the same parties are in both lawsuits, and the claims in the current lawsuit arise out of the same transaction or occurrence of the prior lawsuit.
 

 Initially, although Lester stated he objected to the discovery on the grounds of res judicata, we note that the record does not reflect that Lester formally objected to the discovery. In fact, he did not appear to object to the discovery by any other means than ignoring it. Nonetheless, we will address his argument on appeal. A reading of La. R.S. 13:4231 (Louisiana’s statute pertaining to res judicata) reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. All elements must be satisfied in order to make a finding of res judicata. The third requirement of res judicata is that the parties in both suits are the same.
 
 Burguieres v. Pollingue,
 
 2002-1385 (La.02/25/03), 843 So.2d 1049. In this litigation, that is not the case.
 

 Both the civilian law and the common law mandate that there must be “identity of parties” before the doctrine of res judicata can be used to preclude a subsequent suit. This requirement does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits. In
 
 Burguieres, supra,
 
 a first lawsuit was brought by the testator’s children against the testator’s sister, in which the | Rchildren sought to nullify an olographic testament. This lawsuit was not res judi-cata barring a second action by the children against the sister and her husband, on claims of breach of fiduciary duty, because the sister appeared in her capacity as executrix in the first action as opposed to trustee and curatrix in the second action.
 
 Id.
 
 at 1056. Here, Lester has clearly been named in two different capacities: first in his capacity as a city councilman and subsequently as a private individual. Further, it is plain that the allegation for conspiracy to commit a trespass against Lester as an individual is different than the allegations that were made against him in his capacity as a city councilman, even if the two lawsuits were tangentially related. Obviously, the doctrine of res judicata does not apply.
 

 
 *857
 
 We also disagree with Lester’s second argument that this lawsuit against him and the associated discovery requests were barred by Lester’s immunity as an elected official and that the trial court erred in failing to rule as such. As stated, Lester was named in this litigation by Blount Brothers in his private capacity, not in his capacity as a city councilman. Thus, he is not entitled to immunity as an elected official, and this assignment of error is without merit.
 

 Finally, we will address Lester’s third and fourth assignments of error together, as they are related. Lester argues that the trial court erred in failing to review all interrogatories and the transcript of Lester’s deposition before determining whether Lester properly responded to Blount Brother’s discovery requests. Lester also maintains that the trial court erred in imposing sanctions against him that removed all defenses and held him pliable for Blount Brothers’ damages. Lester states that “dismissal and default are draconian penalties which should be applied only in extreme circumstances.” Lester argues that the trial court failed to consider the necessary factors in making its ruling.
 

 Louisiana C.C.P. art. 1471 sets out the sanctions available against a party failing to comply with discovery orders. These sanctions include the entry of an “order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.”
 

 As explained in
 
 Horton v. McCary,
 
 1993-2315 (La.04/11/94), 635 So.2d 199, 203:
 

 There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. Refusal to comply with court ordered discovery is a serious matter. Trial judges must have severe sanctions available to deter litigants from flouting discovery orders.
 

 Both dismissal and default are draconian penalties which should be applied only in extreme circumstances. Because the sanctions of dismissal or default involve property rights, those sanctions are generally reserved for the most culpable conduct. (Citations omitted).
 

 Dismissal and default are generally reserved for those cases in which the client, as well as the attorney, is at fault.
 
 Id.
 
 at 204. The record must support “a finding that the failure was due to ... wilfulness, bad faith, or fault.”
 
 Id.
 
 The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion.
 
 Hutchinson v. Westport Ins. Corp.,
 
 2004-1592 (La.11/08/04), 886 So.2d 438;
 
 L & M Hair Products, Inc. v. State, Dept. of Transp. and Development,
 
 29,998 (La.App.2d Cir.12/10/97), 704 So.2d 415.
 

 Four factors should be considered before granting a default judgment: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party’s trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
 
 Id.,
 
 citing
 
 Batson v. Neal Spelce Associates, Inc.,
 
 765 F.2d 511 (5th Cir.1985).
 

 Notably, we can appreciate the trial court’s frustration in dealing with this clearly contemptuous party. Lester’s lack of regard for the judicial process is incredible. His actions served to delay the judicial process surrounding this lawsuit and is
 
 *858
 
 of the most culpable sort of behavior envisioned by the code article. We disagree with Lester that the trial court failed to consider the factors set out by the supreme court in
 
 Horton, supra.
 
 Displaying a surprising and undeserved amount of patience with Lester at the December hearing, the trial court considered all of the
 
 Horton
 
 factors, particularly the factor regarding the client’s (ie., Lester’s) participation in the violation. There was emphasis on the fact that Lester was trained as an attorney, albeit suspended from the practice of law by the Louisiana Supreme Court, and the obvious procedural and substantive knowledge he had as a result of his training and education. Furthermore, we also agree |swith the trial court that Lester’s written discovery responses were vague and evasive, despite the fact that he had given himself abundant time to answer.
 

 However, the troubling aspect in this case is the fact that Lester did eventually appear for his deposition, which the trial court did not review. In fact, the trial court acknowledged the taking of Lester’s deposition and noted it was ruling
 
 without
 
 a review of the deposition. The parties were advised by the trial court that the deposition should be made part of the record (it was not). Considering the severity of the sanction, we believe the trial court should have reviewed Lester’s deposition, to make a complete determination that Lester was indeed “ducking and dodging” (as his actions were characterized by the trial court) before imposing the most severe sanction of a default judgment against him.
 

 The allegations against Lester of conspiracy to trespass and to cause property damage are broad. Likewise, the request for discovery against Lester was also broad. Interrogatories No. 7 and 8 pertained to Lester’s communication with or about Williams (his alleged co-conspirator) specifically. He basically responded that he could not recall, although he did not deny communicating with Williams. We believe the trial court should have considered Lester’s deposition testimony, in the unforeseen event that it might have been more forthcoming than his written discovery responses. Thus, we vacate the judgment and remand this matter to the trial court to review Lester’s deposition and ensure that Lester did not more thoroughly elaborate upon his otherwise ambiguous responses to |ainterrogatories propounded by Blount Brothers. If, in fact, Lester was as evasive in person as he was on paper, we cannot help but conclude that the trial court’s initial decision was proper.
 

 Conclusion
 

 For the foregoing reasons, we vacate the trial court’s judgment in favor of Blount Brothers Construction, Inc. and remand this matter to the trial court for further consideration in accordance with our reasons stated herein. All costs of this matter are to be assessed to Blount Brothers Construction, Inc.
 

 VACATED AND REMANDED.
 

 [1]
 

 . Prior to the filing of the instant lawsuit, Blount had filed a suit against the City of Shreveport, the Mayor of the City of Shreveport, and the Shreveport City Council in their individual and official capacities. That suit arose from a decision by the Shreveport City Council where it overturned a ruling by the Shreveport Metropolitan Planning Commission and denied Blount's zoning request, which was made in order to operate a rock crusher on his property on North Hearne Avenue in Shreveport, LA. That lawsuit against Lester was dismissed under the theory of legislative immunity.
 

 [2]
 

 . On February 9, 2009, summary judgment was entered against Alphonse Williams and A. Williams Enterprises, LLC in favor of Blount Brothers, determining them to be solidarily liable to Blount Brothers. After a trial on the quantum held April 21, 22, and 23, 2009, Williams, A. Williams Enterprises, LLC, and Lester were cast in judgment, jointly and in solido, in the amount of $47,900.00. That judgment is dated May 8, 2009, and is not the subject of this appeal.