BERNARD N. MARCANTEL, Judge Pro Tem.
This is an appeal by plaintiff, Carolyn Gomez, of the trial court’s award in the amount of $3,525.00 for past due child support, and of the dismissal of her claim for attorney’s fees.
Plaintiff filed a rule for back-due child support, for an increase in child support, and for attorney’s fees. Defendant, Jaime Gomez, filed a rule to modify the existing child support order because one of the two children was no longer a minor. The matter was heard by the trial court and taken under advisement. The trial court issued a Judgment on Rule granting plaintiff child support arrearages, subject to a 50% credit for payments made by defendant to the major child. Plaintiff’s request for attorney’s fees was dismissed.
Plaintiff now raises the following issues on appeal:
(1) Whether the trial court erred in allowing a credit of 50% of child support arrearages owed by defendant for payments he made directly to or on behalf of the major child;
*265 (2) Whether the trial court erred in dismissing plaintiffs claim for attorney’s fees; and
(3) Whether plaintiff is entitled to judicial interest on each child support installment from the date it became due.
Defendant answers the appeal, asserting that the trial court should have allowed a 100% credit against the child support ar-rearages instead of only a 50% credit.
The parties were divorced on July 17, 1990. Plaintiff obtained custody of their two minor children, Damian and Ricardo Gomez, and defendant was ordered to pay child support in the amount of $300.00 per month, in globo. This award was judicially modified in February 1982, to require defendant to pay the children’s private school tuition in addition to the monthly support. On February 5, 1986, the oldest child, Ricardo, turned 18. Defendant continued to pay plaintiff the $300.00 per month child support until June 1986, when Ricardo graduated from high school. Defendant then reduced the child support payments to plaintiff to $150.00 per month, and continued to pay her this reduced amount for approximately four years. No court order or judicial modification was issued allowing the reduction. However, during this time, defendant made payments of at least $150.00 per month directly to or on behalf of Ricardo, who was then a major.
Defendant claims that he reached an agreement with plaintiff in October 1987, allowing him to reduce his monthly support payments to her. Plaintiff claims that there was no such agreement. On April 11, 1990, plaintiff filed a rule for back-due child support, an increase in child support and attorney’s fees. In its Judgment on Rule, the trial court awarded plaintiff $3,525.00 for back-due child support. This amount represented arrearages of $150.00 per month from June 1986 through October 1990, with a credit of $75.00 per month for money paid by defendant to Ricardo, and for a six month period in which defendant had physical custody of Damian.
Plaintiff asserts that the trial court,erred in allowing the credit of $75.00 per month. Defendant argues that he should be awarded a 100% credit of $150.00 per month because he made payments averaging over $150.00 per month directly to or on behalf of Ricardo.
Louisiana jurisprudence provides that a child support award may not be modified, reduced or terminated unless one of the following occurs: (1) proper suit is brought; (2) it is modified, reduced or terminated by operation of law; or (3) the parties enter into a conventional obligation regarding the support award. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Martin v. Martin, 433 So.2d 364 (La.App. 3 Cir.1983). None of those exceptions exist in this case. First, there was no judicial modification of the child support award ah lowing defendant to make the reduced payments to plaintiff. Second, under La.R.S. 9:309(B), an in globo child support award does not terminate by operation of law until the youngest child reaches the age of majority. The youngest child was still a minor while defendant was making the reduced payments. Finally, after hearing the parties testify as to the existence of an agreement to modify the support award, the trial court concluded that no such agreement existed. This was based on a reasonable evaluation of credibility by the trier of fact, and should not be disturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Since there was no modification of the child support award, defendant could discharge his obligation to make child support payments only by making payment to the plaintiff. Martin, supra. Defendant paid plaintiff only one-half of the amount required by the support order for almost four years. The trial court correctly determined that he owed arrearages for the unpaid amounts; however, there was no legal basis for allowing thé credit of $75.00 per month.
Plaintiff has a vested property right in the full amount of the arrearages. The trial court's award of $3,525.00 in arrearag-es is hereby amended in favor of plaintiff, Carolyn Gomez, to the amount of $7,050.00. This amount represents $150.00 per month from June 1986 through October 1990, with *266 credit for the six months defendant had physical custody of Damian.
Plaintiff next asserts that the trial court erred in dismissing her claim for attorney’s fees. At the time this action was filed, La.R.S. 9:305 governed the award of attorney’s fees in cases involving past due child support. It provided as follows:
“When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.”
The trial court is thus vested with some discretion in determining whether attorney’s fees should be awarded. Robicheaux v. Robicheaux, 446 So.2d 979 (La.App. 3 Cir.1984).
Good cause for denying attorney's fees has been found to exist where the ex-husband was not arbitrary or capricious in reducing the child support payments, Harris v. Harris, 505 So.2d 835 (La.App. 2 Cir.1987); where he made the deductions in good faith, under the erroneous belief that he could reduce the in globo award when the older child reached 18; and, where he continued to pay significant expenses of the major child, Melancon v. Melancon, 428 So.2d 1191 (La.App. 5 Cir.1983). These factors clearly apply here because defendant only reduced his payments after Ricardo turned 18 and graduated from high school, and, even then, he continued to support Ricardo by giving him money directly and paying many of his expenses. Thus, there was no abuse of discretion in the trial court’s dismissal of plaintiff’s claim for attorney’s fees.
Finally, plaintiff asserts that she is entitled to legal interest on each past due child support installment from the date it became due. However, plaintiff did not claim legal interest on the installments in her rule for back-due child support. The trial court, therefore, did not err in its failure to award legal interest.
For the foregoing reasons, the judgment of the trial court is amended to increase child support arrearages from $3,525.00, which reflects the credit granted to defendant by the trial court, to the amount of $7,050.00; and in all other respects the judgment of the trial court is affirmed at the cost of defendant-appellee, Jaime Gomez.
AMENDED AND AFFIRMED.