LBYRNES, Chief Judge.
The appellant, the State of Louisiana, appeals a judgment of the trial court which held that Nelson Cosey and his former spouse, Deborah Smith Cosey had entered into a tacit agreement when the first of their two minor children turned eighteen, reducing Nelson’s child support payments from $700 per month to $350 per month.
The State of Louisiana contends that such a reduction in child support requires court action and that it cannot be done by agreement of the parties. We disagree. The Louisiana Supreme Court recognizes the right of the parties to enter into a consensual modification of a child support agreement. Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
In Timm v. Timm, 511 So.2d 838 (La. App. 5 Cir.1987), the court reversed a judgment of the trial court that refused to recognize an oral agreement between the parties to reduce an in globo award when one of the children reached age eighteen. The Timm court stated:
The father is not entitled to reduce his payments on a prorata basis without seeking court modification of the judgment. LaBove v. LaBove, 503 So.2d 670 (La.App. 3rd Cir.1987) However, the law does recognize the enforceability of an agreement between the parties to modify the amount of child support.
12 Timm, 511 So.2d at 840. (Emphasis added; citation omitted)
The Timm court went further. While acknowledging the applicability of the manifest error rule in reviewing the factual finding of the lower court that no such agreement had been made by the parties, the Timm court nevertheless reversed the trial court’s factual finding in this regard. Thus the appellate court in Timm found that an agreement to reduce child support payments existed where the trial court had found none. In the instant case we are asked merely to sustain the factual finding of the trial court that such an agreement exists, buttressed by the manifest error rule.
In Burnette v. Burnette, 98-0498, p. 6 (La.App. 4 Cir. 10/21/98), 720 So.2d 757, 761, this Court stated that:
The party asserting an extrajudicial modification has the burden of proving a clear and specific agreement; mere acquiescence in accepting reduced payments does not waive the right to enforce the judgment. [Citations omitted.] The trial court’s resolution of this issue is a factual determination which cannot be disturbed on appeal absent manifest error. [Citation omitted.]
Mr. Cosey testified that Ms. Cosey agreed to the reduction in child support. Ms. Cosey denied having done so. She testified that she complained on numerous occasions about his arrearages to Mr. Co-sey. The trial judge, in addressing Ms. Cosey, noted that:
I guess I’m struck with certain things I have to mention and that is number one, it just strikes me odd that when your daughter reaches eighteen child support is reduced exactly by half and you don’t complain for five years. You don’t strike me as the kind of individual that if something is taken from you which you are entitled to you’re not going to complain about it, or let it pass.
I «This is very different from the facts in Burnette, supra, where the father had made reduced payments from September of 1992 to February of 1993, a period of only six months, as opposed to the five year period noted by the trial judge in the instant case. In Burnette the record did not corroborate the father’s contentions. This Court noted in Burnette that the fa *1053 ther’s payment history was not consistent with what one would expect had there been an agreement to reduce payments. Implicit in Burnette is a lack of credibility on the part of the father. In the instant case the trial judge, in commenting on the case after the close of argument, addressed Mr. Cosey as an “honest man.” The record of Mr. Cosey’s payments supports his contention in a way that the payments by the father in Burnette did not. Moreover, Mr. Cosey documented the payment of substantial sums made directly to his daughter after she turned eighteen, which payments one would normally have expected him to make to Ms. Cosey had he had any reason to believe such payments were due, thereby avoiding the potentially large liability he would have incurred had the trial court not found in his favor. Moreover, he continued to carry both of his daughters on his health insurance. Unlike the father in Burnette, Mr. Cosey’s actions were not consistent with those of a man who was acting in bad faith to avoid support obligations. Moreover, Ms. Cosey took the unequivocal position that the statement she offered of payments she received from Mr. Cosey was insusceptible of error, but Mr. Cosey produced cancelled checks showing that this was not the case. Our review of the dry record indicates that Mr. Cosey’s testimony is more convincing than that of his former wife. The trial court had the additional advantage of being able to observe the demeanor and tone of the witnesses. Based on our review of the record as a whole, we cannot say that the |4trial court was manifestly erroneous or clearly wrong when it found that an agreement to reduce child support exists between the parties.
As we find that as a matter of fact an agreement to reduce child support exists as is contended by Nelson Cosey, and that such an agreement is legal and enforceable under the laws of this state, the judgment of the trial court is affirmed.

AFFIRMED.