# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 11-130 C/W CA 11-131, CA 11-132, & CA 11-133

**MADELEINE BERGERON**

**VERSUS**

**BRIAN BERGERON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE
NO. C-963223 C/W 993701 C/W 99-5668 C/W 03-2145
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**James Louis Daniels**
**Attorney at Law**
**110 E. Kaliste Saloom, Ste 210**
**Lafayette, LA 70508**
**(337) 706-8931**
**Counsel for Defendant/Appellee:**
**Brian Bergeron**

**Thomas Robert Shelton**
**Shelton Law Firm**
**P. O. Drawer 52548**
**Lafayette, LA 70505-2548**
**(337) 237-3000**
**Counsel for Plaintiff/Appellant:**
**Madeleine Bergeron**

**GREMILLION, Judge.**

The plaintiff/appellant, Madeleine C. Bergeron, appeals the trial court's findings regarding various child support determinations in favor of the defendant/appellee, Brian A. Bergeron. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Brian and Madeleine were married in January 1983 and divorced in May 2004. Of that union, six children were born. The parties have litigated various issues over the years.[1] On April 21, 2005, the parties confected a consent judgment regarding child support for the three remaining minor children, which stated in part:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that effective June 1, 2005, the child support obligation for **BRIAN A. BERGERON** will be refixed to One Thousand Eighty Three Dollars and 68/100 ($1083.68), in accordance with the worksheet-child support obligation attached to this Judgment and marked as Exhibit B. This amount shall remain in effect until the minor child, **Matthew Bergeron**, reaches the age of eighteen (18) and graduates from high school at which time the parties will agree to the modification of the child support obligation by BRIAN A. BERGERON[.]

Matthew turned eighteen in September 2006 and graduated high school in 2007. Prior to his graduation, Madeleine prepared a child support worksheet providing the child support calculation with a modified amount based on two minor children rather than three, due to Matthew's graduation. Brian began paying the new amount of $869.99 beginning June 2007. In September 2007, one of the remaining minors, Daniel, began living with his father. Another child support worksheet was prepared reducing Brian's payment to $482.00 per month. Daniel resumed living with his mother in June 2008, and Brian resumed paying her $869.99 per month in child support.

---

[1] This case (CA 11-130) is consolidated with CA 11-131, 132, and 133.

In December 2008, Madeleine filed a "Rule to Show Cause for Back Child Support Arrearages, Modification and Increase of Child Support (9:311) and Income Assignment (9:303)," essentially arguing that Brian owed $1,083.63 as agreed upon in the April 2005 Consent Judgment. She further requested an increase in child support, citing a substantial change in circumstances in that she was still supporting twenty-year-old Matthew while he attended college and resided in her home, and further alleging that Brian's income had substantially increased. She also filed a "Request for Production of Documents" in December 2008.

In March 2009, Brian and Madeleine appeared before a hearing officer, who made various findings and recommendations. Madeleine filed an objection to the hearing officer's recommendations, and a hearing was scheduled before the trial court. In the interim, Madeleine filed several motions to compel Brian to produce detailed financial documents, including copies of every cancelled check, deposit slip, and check registers for several accounts over a span of multiple years. In September 2009, Madeleine filed a first amending rule to show cause for child support arrearages, modification and increase of child support, and income assignment. Thereafter, Brian filed peremptory exceptions of no right and no cause of action, arguing that Madeleine had no right or cause of action to bring a claim for a child over eighteen years of age.

Following a late September 2009 hearing on the contempt motions, the trial court found Brian in contempt and ordered him to pay attorney's fees and court costs for failing to comply with the court's March 16, 2009 and September 18, 2009 orders, in that he failed to produce copies of every deposit slip for three different accounts.

Over the course of several days in March and May 2010, a hearing was held on Madeleine's original December 2008 Rule, the objections to the hearing officer's recommendations, contempt, and attorney's fees and costs for the two contempt hearings in September 2009. Brian also filed a motion to strike, which was denied.

The trial court rendered extensive written reasons for judgment and made the following findings: that an extrajudicial agreement modifying the April 21, 2005 Consent Judgment existed between the parties effective June 1, 2007 modifying the award from $1,083.63 to $869.99; that no extrajudicial agreement was confected from September 1, 2007 until May 31, 2008 reducing the award when Daniel moved to his father's house; that Brian owed $3,491.91 in arrearages; that Brian's income was $57,186.00 per year; that Brian was owed credits for overpayment resulting in a net amount owed to Madeleine of $2,772.28; and, that Madeleine was awarded $1,875.00 in attorney's fees and Brian will pay $350.00 in filing fees for the motion for contempt and motion to compel. The trial court declined to award any other attorney's fees and cast each party with his or her costs for the Rule. Madeleine now appeals and assigns as error:

1. The trial court failed to consider the in globo status of the April 21, 2005 "Consent Judgment" and failed to properly apply the law as to how and when such judgments may be amended or modified.

2. The trial court manifestly erred in its determination of Brian's current income/expenses.

3. The trial court erred in determining that there was an extrajudicial agreement between the parties modifying the April 21, 2005 Consent Judgment.

4. The trial court erred in determining the amount of arrearages Brian owed between April 21, 2005 and the trial court's judgment of August 11, 2010.

5. The trial court erred in determining the appropriate attorney's fees and court costs specifically in connection with the motions to compel and

3

two contempt hearings, resulting in contempt judgments, made necessary by Brian's actions because he failed and/or refused to provide complete disclosure of his financial status as required by law.

6. The trial court manifestly erred in determining that an award for attorney's fees for all proceedings below should not be taxed to Brian pursuant to the provisions of La.R.S. 9:374.

7. The trial court erred in failing to address the facts and circumstances in the instant case as to how to properly apply the income tax dependency issue pursuant to La.R.S. 9:315.19

## MODIFICATION OF THE CONSENT JUDGMENT/ARREARAGES

We review child support determinations using the manifest error standard of review, and we will not disturb the trial court's support order unless it committed manifest error or an abuse of discretion in its determination. *State, Dep't of Soc. Servs. v. L.T., Jr.,* 05-1965 (La. 7/6/06), 934 So.2d 687.

In assignments of error one and three, Madeleine argues that pursuant to *Chambers v. Saucier,* 06-1290 (La.App. 3 Cir. 2/7/07), 949 So.2d 662, Brian could only have the child support award reduced by filing a motion with the court and being granted a judgment reducing the in globo award set forth in the April 2005 consent judgment. We disagree. We review a trial court's factual determinations regarding whether an extrajudicial modification of a consent judgment has occurred under the manifest error standard. *Cosey v. Cosey*, 00-0567 (La.App. 4 Cir. 5/2/01), 785 So.2d 1051. Madeleine and Brian testified at trial.

Brian testified that Madeleine filled out the child support worksheet and told him how much he needed to pay and that he began paying her that amount. The child support worksheet was admitted into evidence. He said he paid the modified amount for two-and-a-half years based on their agreement. Regarding the second modification, Brian testified that this worksheet had been filled out by him, but that Madeleine agreed to the reduction. He admitted he never asked the court to "modify" the original consent judgment.

4

Madeleine testified that she never agreed to a modification of the April 2005 consent decree. She admitted filling out the child support worksheet but testified she only did it because Brian had asked what the amount would be once Matthew graduated. She testified that she thought the court would have to approve the reduction before it could go into effect. She stated that she never agreed to the second reduction when Daniel left her home to live with his father. Madeleine testified that her rent had increased from $850.00 to $1,100.00 per month and that she had more expenses. She testified that she needed an increase of $350.00 from the original judgment of $1,083.68 in order to meet her current expenses.

Madeleine said that Brian paid her $869.00 per month from June 1, 2007 through December 2007; $3,048.00 for the period from January 2008 through May 2008 which amounts to $609.00 per month, and $869.99 from June 2008 through November 2008.

The trial court found in pertinent part:

This Court finds that there was an extrajudicial agreement between the parties regarding BRIAN's support obligation for two minor children, effective June 1, 2007. MADELEINE, in her "Objection to the Hearing Officer's Recommendation" states that she "obtained a child support worksheet and basically tracked the numbers and information from the statutory guidelines." Under oath, BRIAN testified that "MADELEINE gave [him] the form and told him this is [my] new payment since Matthew graduated." . . .

. . . .

. . . No evidence was presented, nor was testimony given to suggest that capacity, object or cause were missing from the parties' agreement to modify BRIAN's obligation. The only allegation made was that MADELEINE did not consent to the extra judicial modification of the agreement.

The parties testified that MADELEINE obtained the worksheet, filled in all the numbers and presented it to BRIAN who then began paying that amount to MADELEINE. The court finds that this was an obvious expression of consent on her part. BRIAN's acceptance was evidenced by his immediately paying the amount assigned to him on the worksheet.

For these reasons, the Court finds that an extrajudicial agreement existed between BRIAN and MADELEINE beginning in June 2007 and no arrearages are owed for the months of June, July, and August 2007 or for the months of June-December, 2008.

The trial court further found that no extrajudicial agreement existed from September 1, 2007 through May 31, 2008.

An in globo award can be modified by agreement of the parties. *Gomez v. Gomez,* 609 So.2d 263 (La.App. 3 Cir. 1992), *Timm v. Timm*, 511 So.2d 838 (La.App. 5 Cir. 1987), *Cosey*, 785 So.2d 1051. The party who claims that an extrajudicial modification has occurred bears the burden of proving the agreement by clear and convincing evidence. *Cosey,* 785 So.2d 1051; *Timm*, 511 So.2d 838.

The trial court found that Brian proved by clear and convincing evidence that Madeleine agreed to a modification, and we find no error in that ruling. Madeleine agreed to the future modification in the August 2005 consent judgment, and she prepared the worksheet evidencing the modification. The trial court was in a superior position to assess the credibility of the witnesses, and we will not second-guess its determinations on appeal. *See Gomez,* 609 So.2d 263. Assignments of error one and three are without merit.

### *ARREARAGES*

Although Madeleine's assignment of error number four pertains to the arrearages awarded by the trial court, she fails to argue this assignment in brief. Nevertheless, we surmise she believes that arrearages are due based on the original $1,089.63 judgment from April 2005. The trial court found arrearages were owed for the time period of September 1, 2007 through May 31, 2008. The trial court determined the arrearages by multiplying $869.99 times nine months, which equals $7,829.91 and subtracting the amounts credited to Brian by Madeleine in her

6

pleadings for that period of time ($4,438.00) leaving him with arrearages of $3,491.91.

We find no error in the trial court's calculations based on its determination that an extrajudicial agreement was confected beginning June 2007 that reduced the award to $869.99. This assignment of error is without merit.

## INCOME

In assignment of error two, Madeleine argues that the trial court erred in its determination of Brian's current income/expenses. The trial court calculated Brian's income at $162,026.39 for the twenty-four month period from December 22, 2006 to December 22, 2008 in its February 2010 judgment. However, that judgment specifically stated:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant in rule, Brian A. Bergeron may introduce evidence contrary/contradictory to the Court's ruling that the earned income for the aforesaid twenty four (24) month period be set for $162,026.39[.]

Brian produced substantial evidence to rebut the presumption including that various deposits were gifts from his mother during that time period ($25,000.00 to buy a new vehicle and a cash gift of $12,135.00) and that several accounts were actually the kids' accounts. In its reasons for judgment, the trial court listed over fifty individual transactions that it determined were not earned income. In all, it found $47,654.54 of the $162,026.39 was not earned income after considering Brian's tax records, bank statements, and the testimony. It determined that Brian's actual earned income was $57,186.00.

Madeleine argues at length that the trial court erred in failing to include as current income the value of Brian's offshore lodging when he is at work and the room and board he receives because he lives with his mother. Madeleine makes the argument that the room and board at his mother's house should be assigned a

7

value as income because he helps his mother around the house. This argument lacks merit. In fact, the testimony revealed that Brian's living arrangement has only benefited Madeleine by allowing Brian to have a larger disposable income in order to meet various needs of the children and his child support oligation.

Having reviewed the record, we find no error or abuse of discretion in the trial court's determination of Brian's income.  This assignment of error is without merit.

### ATTORNEY'S FEES

The vast majority of Madeleine's brief discusses the attorney's fees that Brian should pay.[2]  The trial court's discretion regarding sanctions it imposes for failure to comply with its discovery orders is vast, and we will not reverse its award absent an abuse of discretion. *Hutchinson v. Westport Ins. Corp.* 04-1592 (La. 11/8/04), 886 So.2d 438.  In assignment of error five, Madeleine argues the trial court erred in the amount of attorney's fees it awarded in connection with the motion to compel and contempt hearings. The trial court did find Brian in contempt for failing to timely produce copies of the handwritten deposits slips, even though the deposits were evidenced on the bank statements that were produced.  Madeleine argues she should be awarded $14,622.70 in attorney fees. The trial court specifically found that  $14,622.70 "is an unreasonable amount for one motion to compel and one motion for contempt." The trial court cast Brian with $1,875.00 in attorney's fees plus $350.00 in court costs for the delay in providing the copies of the handwritten deposit slips. We find no abuse of discretion in that amount, and, in fact, tend to agree with Brian that this award of

---

[2] We note that Madeleine worked for her attorney and paid him $25 out of every paycheck for his services.

fees is quite high in light of the relevant facts. The trial court did not abuse its discretion in failing to award Madeleine additional attorney fees.

In assignment of error six, Madeleine also argues that pursuant to La.R.S. 9:375 she should be awarded $5,000.00 in attorney's fees.[3] The trial court found that La.R.S. 9:375 was inapplicable to the case at hand since it only allows for an award of attorney's fees in situations making child support or spousal support awards executory.[4] We find no error in the trial court's ruling that the statute is inapplicable to the case at hand. Even if it does apply, we find good cause was shown that Brian should not be cast with any attorney's fees under this statute. *See Gomez,* 609 So.2d 263. This assignment of error is without merit.

### TAX DEPENDENCY EXEMPTION

Although Madeleine does not list this error in her assignments, this assignment numbered "V" addresses the fact that the hearing officer granted Brian the tax dependency exemption each year beginning with the 2009 tax year. The trial court did not specifically discuss the tax dependency exemption except to note that the hearing officer "granted the tax dependency exemptions to BRIAN beginning with the 2009 tax year, provided he is not in arrears. She [the hearing officer] granted Madeleine all head of household IRS tax credits." Madeleine objected to every finding by the hearing officer, but she did not raise the tax dependency exemption issue at the hearing. Although it is difficult to discern, it

---

[3] We note that the trial court's judgment refers to La.R.S. 9:374 in its discussion of attorney's fees. We presume this to be a typographical error as La.R.S. 9:374 refers to the use of the family residence. The trial court clearly intended to discuss La.R.S 9:375 stating "Louisiana Revised Statute 9:374 governs attorney's fees in cases concerning child support." Madeline concedes that the trial court's error was typographical.

[4] La.R.S. 9:375(A) states:
When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.

appears Madeleine argues that she is entitled to the credit based on the April 2005 consent judgment. We disagree. Brian is entitled to the exemption pursuant to La.R.S 9:315.18(B).  This assignment of error is without merit.

## CONCLUSION

The judgment of the trial court is affirmed.  All costs of this appeal are assessed against the plaintiff/appellant, Madeleine C. Bergeron.

**AFFIRMED**.