NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-39

MISTY LUNEAU NOLAND

VERSUS

RYAN MICHAEL NOLAND

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 232,274
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and D. Kent Savoie, Judges.

JUDGMENT AFFIRMED; MOTION TO DISMISS RENDERED MOOT.

**Michael H. Davis**
**Law Office of Michael H. Davis**
**2017-A MacArthur Drive**
**Building 4, Suite "A"**
**Alexandria, LA 71301**
**(318) 445-3621**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Misty Luneau Noland**

**Gregory N. Wampler**
**Law Office of Gregory N. Wampler**
**607 Main Street**
**Pineville, LA 71360**
**(318) 473-4220**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Misty Luneau Noland**

**Bradford H. Felder**
**G. Andrew Veazey**
**Veazey, Felder & Renegar, LLC**
**2 Flagg Place**
**Lafayette, LA 70508**
**(337) 234-5350**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ryan Michael Noland**

**SAVOIE, Judge.**

Ryan Michael Noland (Ryan) appeals the trial court judgment, denying his Rule for Modification of Child Support and finding him in contempt of court. Misty Noland (Misty) filed an answer to appeal in the trial court requesting certain amendments to the judgment, and Ryan Noland filed a Motion to Dismiss the Answer. For the reasons set forth herein, we affirm the judgment and grant the motion to dismiss, declining to consider Misty's Answer to Appeal.

## FACTS AND PROCEDURAL HISTORY

Ryan and Misty were married on June 16, 2007. The couple has two minor children – Conner on February 11, 2005, and Lillian on August 20, 2007. A Petition for Divorce, including a request for child custody and support, was filed by Misty on July 23, 2008. The petition designated Misty as the primary domiciliary custodian of the minor children with Ryan entitled to specific periods of custody.

This court recently rendered a ruling on custody in *Noland v. Noland*, 16-641 (La.App. 3 Cir. 4/26/17), 218 So.3d 215. We are now tasked with deciding on issues regarding child support. In its October 17, 2016 Judgment, the trial court ruled:

> ORDERED ADJUDGED AND DECREED that RYAN MICHAEL NOLAND pay to MISTY LUNEAU NOLAND, child support for the support of their minor children in the sum of $1,851.81 per month, beginning date of judicial demand, November 6, 2015, and payable in increments of $925.40 on the 1st and 15th days of each month, with credit for all sums previously paid;
>
> FURTHER ORDERED, ADJUDGED AND DECREED that the parties pay for extracurricular activity expense for the children by RYAN MICHAEL NOLAND paying 80% and MISTY LUNEAU NOLAND paying 20%. RYAN MICHAEL NOLAND is to pay his 80% within 30 days of receipt of proof of the expenses. Extracurricular activities include Lily's dance, Lily's gymnastics, and

Connor's tennis lesson. Any additional extracurricular activities that may be added in the future will be divided as set forth herein only if the parties agree to adding the extracurricular activities. The cost of Camp Ozark and the cost of tutoring is not considered as an extracurricular activity and will require no monetary participation by RYAN MICHAEL NOLAND;

FURTHER ORDERED, ADJUDGED AND DECREED that the parties uncovered medical expenses (co-pays and deductibles) in the proportion of RYAN MICHAEL NOLAND PAYING 80% and MISTY LUNEAU NOLAND 20%. RYAN MICHAEL NOLAND is to pay 80% to MISTY LUNEAU NOLAND and MISTY LUNEAU NOLAND is to pay 20% to RYAN MICHAEL NOLAND if he incurred the expense[.]

. . . .

FURTHER ORDERED, ADJUDGED AND DECREED that RYAN MICHAEL NOLAND is found to be in contempt for failing to pay medical expenses in the sum of $2,456.53. RYAN MICHAEL NOLAND is hereby sentenced to serve 7 days in the Parish Jail, but said sentence is deferred provided that he pays the uninsured medical expenses as previously ordered by the Judgment of July 31, 2012 and pays all additional expenses incurred until such time as the children reach the age of majority.

. . . .

JUDGMENT RENDERED by Written Reasons dated June 10, 2016[,] at Alexandria, Rapides Parish, Louisiana.

In the Written Reasons of June 10, 2016, the trial court found that Misty's monthly gross income is $3,000.00, while finding Ryan's to be $12,500.00. This resulted in the trial court setting Ryan's monthly obligation at $1,850.81. Ryan now appeals the trial court's judgment.

## MOTION TO DISMISS THE ANSWER

Although Ryan filed a motion to dismiss Misty's answer to appeal due to untimeliness, we need not address it. We decline to consider the answer to appeal based on the following reasons, rendering the motion moot.

2

Louisiana Code of Civil Procedure Article 2088(A) provides, in pertinent part:

> The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal[.]

The record reflects that Ryan Noland filed a Petition for Appeal in the trial court on November 4, 2016. The trial granted the appeal on November 15, 2016. At that time, in accordance with La.Code Civ.P. art. 2088, the trial court became divested of jurisdiction over all matters on appeal. Thereafter, Misty Noland filed her Answer to Appeal on December 5, 2016, in the trial court. As such, the Answer to Appeal was "improvidently filed in the wrong tribunal and, thus, will not be considered." *Sorile v. Lott Oil Co., Inc.*, 14-1156, p. 1 (La.App. 3 Cir. 3/4/15), 160 So.3d 178, 179 n.1; *See also, Noland v. Noland*, 16-641 (La.App. 3 Cir. 4/26/17), 218 So.3d 215; *Kelly v. Boise Bldg. Solutions*, 11-1116 (La.App. 3 Cir. 5/2/12), 92 So.3d 965, *writs denied*, 12-1173, 12-1209 (La. 10/8/12), 98 So.3d 851; *Smoot v. Hernandez*, 08-1121 (La.App. 3 Cir. 3/4/09, 6 So.3d 352. Because we decline to consider the answer to appeal, Ryan's Motion to Dismiss Answer to Appeal is moot.

## ASSIGNMENTS OF ERROR

1. The trial court erred in finding that Misty's income was only $3,000.00 per month.

2. The trial court therefore erred in its calculation of the basic child support obligation and the resulting percentages that each party pay for extracurricular activities and unreimbursed medical expenses.

3

3. The trial court erred in finding that Ryan was in willful contempt of the July 31, 2012 Judgment for failing to reimburse Misty for his share of medical expenses.

## LAW AND DISCUSSION

### I. *Assignments of Error Numbers One and Two*

Trial courts have great discretion in determining the amount of a child support award. *Murphy v. Murphy*, 894 So.2d 542 (La. 2/2/05). This court has clearly defined this standard of review by noting, "[w]e review child support determinations using the manifest error standard of review, and we will not disturb the trial court's support order unless it committed manifest error or an abuse of discretion in its determination." *Bergeron v. Bergeron*, 11–130 (La.App. 3 Cir. 10/5/11), 75 So.3d 537, 540, *writ denied*, 11–2466 (La. 1/20/12), 78 So.3d 144; *State, Dep't of Soc. Servs. v. L.T., Jr.*, 05–1965 (La. 7/6/06), 934 So.2d 687.

*Gary v. LeBlanc*, 16-1054, pp. 9-10 (La.App. 3 Cir. 6/7/17), 222 So.3d 784, 791.

Louisiana Revised Statutes 9:315(C)(5) defines income as it relates to child support obligations as:

(a) Actual gross income of a party, if the party is employed to full capacity; or

(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.

(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.

Gross income, as defined by La.R.S. 9:315(C)(3), includes:

(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic

and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;

(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and

(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.

(d) As used herein, "gross income" does not include:

(i) Child support received, or benefits received from public assistance programs, including Family Independence Temporary Assistance Plan, supplemental security income, food stamps, and general assistance.

(ii) Per diem allowances which are not subject to federal income taxation under the provisions of the Internal Revenue Code.

(iii) Extraordinary overtime including but not limited to income attributed to seasonal work regardless of its percentage of gross income when, in the court's discretion, the inclusion thereof would be inequitable to a party.

(iv) Any monetary gift to the domiciliary party when the objective of the gift is to supplement irregular child support payments from the nondomiciliary party.

(v) Any disaster assistance benefits received from the Federal Emergency Management Agency through its Individuals and Households Program or from any other nonprofit organization qualified as a tax-exempt organization under Section 501(c) of the Internal Revenue Code of 1954, as amended.

Misty is the owner of Country Living Manufactured Homes, L.L.C. She also owns twenty-five percent (25%) of Luneau Deville Properties and an unspecified interest in Noland Luneau Properties. It is Ryan's contention that Misty's income should be calculated as her percentage of the gross receipts of the businesses in which she is an owner because sufficient documentation was not provided to determine the ordinary and necessary expenses required to produce those gross receipts. Taking into account the gross receipts of the businesses in which Misty has an ownership interest, this equates to Misty having a total annual income of $1,111,576.38 or $92,280.45 per month. Ryan alternatively argues that Misty should be assessed, at a minimum, the total amount of money that she deposits into her accounts, plus a five thousand dollar ($5,000.00) life insurance premium that is paid on her behalf. This amount totals $278,233.01 or $23,186.08 per month. We disagree.

Misty's Certified Public Accountant, Roland Kraushaur, testified regarding her 2014 and 2015 tax returns. After analyzing all of the deposits made into Misty's bank account, Mr. Kraushaur determined that $35,690.00 constituted income in 2014. The trial court, after hearing all of the evidence, found Mr. Kraushaur's testimony to be persuasive, setting Misty's monthly income at $3,000.00. While there was significantly more money deposited, much of it did not constitute income. Those deposits included child support payments, a loan repayment from Country Living Mobile Home, a line of credit loan, transfer of money from a savings account, loans from Misty's father, and deposits from rentals. Misty's income for 2015 can be explained in a similar fashion.

We cannot say that the trial court's reliance on Misty's expert regarding the amount of her gross income was an abuse of discretion. This assignment of error

is without merit. Based on this finding, assignment of error number two is also without merit.

## II. Assignment of Error Number Three

Ryan next argues that the trial court erred in finding that he was in willful contempt of the July 31, 2012 Judgment for failing to reimburse Misty for his share of medical expenses. "The trial court has vast discretion in determining whether a party is in contempt of court[,] and its decision will not be reversed absent and [sic] abuse of discretion." *McDonald v. McDonald*, 08–1165, p. 4 (La.App. 3 Cir. 3/4/09), 10 So.3d 780, 783.

The trial court issued Written Reasons and a Judgment dated July 31, 2012, wherein said judgment stated in pertinent part:

> It is ordered that Ryan Nolan[d] ("Mr. Noland") is not found to be in contempt, but shall pay the outstanding medical balance of $421.30 by 28 September, 2012. In addition, the court will order that each party pay one-half of any uncovered or uninsured medical expenses for the children with the party incurring the expense providing a copy of the bill (after any deductions for insurance reimbursements) to the other party, and the other party reimbursing the party who incurred the expense one-half of the expense within thirty days. Should any insurance refund be made after reimbursement, the refund will be split equally.

In Written Reasons dated June 10, 2016, the trial court found Ryan in contempt "for his failure to reimburse Misty his portion of medical expenses in the amount of $2,456.53." The trial court went on to state:

> At trial, both parties agreed [Ryan] was in arrears, the amount of the arrearage and that he paid the past due amount either on the trial date or shortly before. The Court orders that he be sentenced to serve 7 days in the Parish prison but defers execution of the sentence provided he pays the uninsured medical expenses as previously ordered by the Judgment of July 31, 2012, until the children reach the age of majority.

7

Ryan complains that he does not trust Misty's requests for reimbursement, which means he must research to determine whether he, in fact, owes the amount requested. While this may be, the July 31, 2012 Judgment provides a timeline during which said research shall take place, namely, within thirty days of receipt of the request. Ryan admitted at trial that he did not pay within the time allotted. We do not find that the trial court abused its discretion in finding Ryan in contempt of the July 31, 2012 Judgment. This assignment is without merit.

## CONCLUSION

The trial court's June 10, 2016 Judgment is affirmed. The Motion to Dismiss Answer to Appeal filed by Ryan Michael Noland is rendered moot. All costs of these proceedings are assessed to Ryan Michael Noland.

**JUDGMENT AFFIRMED; MOTION TO DISMISS RENDERED MOOT.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.