527 So.2d 516 (1988)
Clarence C. CHANDLER & Mona Rae Chandler, Plaintiffs-Appellants,
v.
MALLINCKRODT, INC., etc., Defendants-Appellees.
No. 87-543.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*517 McLeod, Little, Hopkins & Lloyd, Winfield E. Little, Lake Charles, for plaintiffs-appellants.
Adams & Reese (Henry B. Alsobrook, Jr., Joseph P. Gordon), Phelps, Dunbar, Marks, Claverie & Sims, Esmond Phelps, II, Shawn L. Holahan, New Orleans, Pugh & Boudreaux, James R. Shelton, Lafayette, for defendants-appellees.
Gachassin & Hunter, Nicholas Gachassin, Jr., Lafayette, for intervenor.
Before DOUCET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
This is an appeal from a judgment dismissing with prejudice the petition of Clarence C. Chandler and Mona Rae Chandler, husband and wife, against E.R. Squibb & Sons, Inc., for failure of the Chandlers to comply with a consent order requiring them to answer interrogatories and produce requested documents. The consent order was dated July 15, 1985. It gave plaintiffs 30 days to comply. They did not comply, and on October 24, 1986, following a hearing on a rule to show cause, the trial court signed the judgment of dismissal. We reverse and remand.
There is no transcript in the record of the hearing on October 10, 1985. The minutes show there was argument only. The trial judge did not give reasons for judgment. Accordingly, we have decided this appeal solely on the basis of what appears from the pleadings.
The plaintiffs filed suit against Squibb, and other defendants, on September 24, 1984. The basis of the suit was an injury suffered by Mrs. Chandler while undergoing a discogram at a hospital, and the claim against Squibb was that it manufactured and distributed a diagnostic radiopaque medium called Renografin. It is alleged that this medium was injected into Mrs. Chandler's back during the discogram, that it caused an infection which caused permanent disability, and that the reason for the infection was that the medium was contaminated. Two of the other defendants filed an exception of prematurity which was heard on March 8, 1985, and maintained, and the suit was dismissed as to them.
Squibb filed its answer on December 7, 1984.
An intervention was filed by Mrs. Chandler's employer's worker's compensation insurer on January 2, 1985. Squibb answered that intervention on February 15, 1985.
On February 26, 1985, Squibb filed a set of 11 interrogatories. These generally were designed to elicit from Mrs. Chandler the information that she had supporting her claim that her injury was caused by the injection of Renografin.
On the same day that the interrogatories were filed, Squibb also filed a request for production of documents.
On June 6, 1985, a motion to compel answers and comply with the request for production was filed, and it was set for hearing on June 21. The minutes of court of June 21, 1985, are cryptic:
"Counsel informs the Court that the matter has been settled, and the matter is ordered upset by the Court."
July 15, 1985, is the date the consent judgment was signed by the trial court. This consent judgment, also signed by counsel for plaintiffs and counsel for Squibb, recited:
"IT IS ORDERED, ADJUDGED AND DECREED that plaintiff respond to defendant's motion to Compel Answers to Interrogatories and Comply with Request for Production of Documents within thirty (30) days of the signing of this judgment."
On February 13, 1986, the law firm originally representing plaintiffs formally withdrew. On August 28, 1986, Squibb filed a motion to dismiss for failure to comply with the consent judgment. This motion was set for hearing on September 16, 1986. It was passed and not heard on that day but no reason appears in the record; there are no minutes. However, two days later on September 18, 1986, Walter M. Sanchez *518 filed a motion to withdraw as attorney for plaintiffs, as follows:
"On motion of WALTER M. SANCHEZ, and on suggesting to the Court that he was counsel of record for plaintiffs, Clarence C. Chandler and Mona Rae Chandler, while he was in the employ of the firm of Newman & Thibodeaux, but that he had left the law firm and no longer desires to represent plaintiffs and desires to withdraw as counsel for plaintiffs in this cause; and upon further suggesting to this Honorable Court that plaintiffs continue to be represented by counsel of record, Clifford L. Newman." (Underscoring supplied.)
The present counsel, Winfield Little, was employed by plaintiffs one day before the October 10, 1986, hearing, and was permitted to enroll as counsel on that day, October 9. The minutes reflect that he was present at the hearing during which the trial court granted the motion and dismissed plaintiff's case.
To recapitulate, attorney Clifford Newman individually and also his firm withdrew as counsel of record on February 13, 1986. Sanchez formally withdrew September 18, 1986, but his motion to withdraw (quoted above) suggests that he had had nothing to do with the case for some time, having left the Newman firm, and that plaintiffs were then and would continue to be represented by Clifford Newman. This was obviously an incorrect statement, as Newman had withdrawn on February 13, 1986. Thus it appears on the face of the record that plaintiffs were not represented by anyone from February 13, 1986, until one day before the motion to dismiss was heard, and it was during this interval that the motion to dismiss was filed and fixed for hearing.
The articles of our Code of Civil Procedure dealing with discovery of evidence authorize written interrogatories to be answered, Article 1457, and request for production of documents and things, Article 1461. Courts can compel discovery by order, Article 1469, and may impose sanctions for failure to comply with such an order, Articles 1471 and 1473. Among the several illustrative sanctions listed in Article 1471, is an order dismissing the action.
Dismissal with prejudice is, however, the ultimate sanction. Allen v. Smith, 390 So.2d 1300 (La.1980). It should be imposed only as a last resort for failure to comply with an order of discovery and only after an opportunity to be heard has been afforded the litigant. Crowell v. St. Paul Fire & Marine Insurance Co., 490 So.2d 288 (La.App. 3rd Cir.1986). The court in Skidmore v. Salvadras, 496 So.2d 435 (La.App. 1st Cir.1986) adds the requirement that for the severe sanction of dismissal to apply it must be shown that the plaintiff is clearly aware that his noncompliance will result in dismissal of his suit.
In the present case, as in Allen v. Smith, supra, the record contains nothing to which we may turn to find support for the drastic penalty imposed. We know nothing of what happened at the sanction hearing. As in Allen v. Smith, supra, it is not clear to what extent, if any, the plaintiffs themselves, rather than their former attorneys, were at fault in failing to make discovery. The record does not support a finding that the failure was due to the plaintiffs' willfulness, bad faith, or fault. From February 13, 1986, until October 9, 1986, one day before the sanction hearing, plaintiffs did not have an attorney, and it was during this time that the motion for sanctions was filed and fixed for trial. This court cannot find in the record before us justification for the sanction of dismissal.
On the other hand, of course, the plaintiffs' noncompliance is evident. Before their attorneys withdrew they were in violation for six months of the consent judgment compelling discovery. This disobedience may well merit sanctions, and might, indeed, deserve the ultimate sanction of dismissal. But in view of the case law on the subject, as reviewed by the Louisiana Supreme Court in Allen v. Smith, supra, this court cannot approve a dismissal with prejudice when the record, due to silence, does not affirmatively show that that extreme sanction was justified.
*519 For these reasons the judgment of the trial court dismissing this suit with prejudice is set aside, and the case is remanded to the district court for further proceedings, including another sanction hearing, should the trial court in its wisdom decide such a hearing would be appropriate.
Costs of this appeal are assessed to appellants.
JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS.