702 So.2d 1021 (1997)
Pam GARZA, Plaintiff,
v.
INTERNATIONAL MAINTENANCE CORPORATION, et al., Defendants-Appellees,
Sigma Engineering, Inc., Intervenor-Appellant.
No. 97-317.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
*1022 John Ernest Brown, Lake Charles, for Pam Garza.
James Ray Morris, Lake Charles, for International Maintenance Corp., et al.
Michael Lea Hyman, Baton Rouge, for Sigma Engineering, Inc.
Before DOUCET, C.J., and THIBODEAUX and DECUIR, JJ.
DECUIR, Judge.
The appellant, Sigma Engineering, Inc., brings this appeal from a decision by the trial court to dismiss with prejudice its intervention and ordering it to pay $500.00 in attorney fees because of its failure to respond to a request for production of documents and failure to appear at the hearing on the motion to compel production. Sigma contends that the trial court erred in awarding attorney fees and in granting the sanction of dismissal where there had been no order issued against it compelling discovery and where its failure to appear at the hearing on the motion was attributable to a mis-communication at the office of its counsel.

FACTS
Pam Garza filed a lawsuit against International Maintenance Corporation, and Jamille Manio, seeking damages for personal injuries she allegedly sustained in a slip and fall accident. At the time of the accident, Garza was employed by Sigma Engineering. Garza was paid worker's compensation benefits by Louisiana Employers Safety Association (LESA) on behalf of Sigma. Consequently, Sigma and LESA intervened in Garza's suit against Manio and International seeking return of the worker's compensation benefits Garza received.
During the course of the litigation, allegedly following a status conference, International's counsel sent several letters, over a period of four months, to counsel for Sigma requesting documents previously discussed. Receiving no response, International propounded discovery to Sigma consisting of an expanded request for production of documents on August 26, 1996. When International did not receive the documents in a timely fashion, it filed a motion to compel on September 16, 1996. A hearing was set by the court for November 13, 1996. On October 1, 1996, Sigma provided the document originally sought, but failed to supply the other documents requested in the request for production. On October 3, 1996, International informed counsel for Sigma by letter that the production was incomplete. Receiving no response, International proceeded to the scheduled hearing.
*1023 On the date of the hearing, International appeared before the district judge; neither a representative of Sigma or its attorney appeared. The trial judge, at the request of International, awarded attorney fees of $500.00 and dismissed Sigma's intervention with prejudice. Sigma lodged this appeal. International answered seeking an increase in attorney fees.

LAW AND DISCUSSION
A party to litigation may apply to a court for an order compelling discovery when another party fails to answer properly propounded interrogatories or requests for production. La.Code Civ.P. art. 1469(2). The discovery articles grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme or to obey an order compelling discovery. The decision whether to grant relief against a recalcitrant party rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. LeJeune v. Lafayette Tower Service, 94-1240 (La.App. 3 Cir. 4/5/95), 653 So.2d 112.
If the motion is granted, the court shall "after opportunity for a hearing," require the party whose conduct necessitated the hearing or his attorney or both to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. La.Code Civ.P. art. 1469(4).
Sigma correctly notes that, in this case, the trial court did not grant the motion to compel production. The court merely awarded attorney fees and dismissed Sigma's intervention. The award of attorney fees was clearly premature. It is clear that under La.Code Civ.P. art. 1469(4), attorney fees cannot be awarded until the motion has been granted and "after opportunity for hearing." Where the opponent to the motion has appeared to contest the issue, it is practical to have the hearing simultaneously with the motion. However, in cases such as this where the opponent has failed to appear, a subsequent hearing must be conducted to give the court an opportunity to ascertain facts which would "make an award of expenses unjust." Crowell v. St. Paul Fire & Marine Ins. Co., 490 So.2d 288 (La.App. 3 Cir.1986).
Likewise, when a party has been given sufficient notice and opportunity to be heard prior to the imposition of a penalty, the sanction of dismissal may be within the bounds of the trial court's discretion. Henson v. Copeland, 451 So.2d 41, 45 (La.App. 2 Cir.1984). In this case however, we have found that Sigma was not given an opportunity to respond to the claim that the request for production was not answered. Although a hearing was set for November 13th on the motion to compel, neither a representative of Sigma nor its attorney appeared for the hearing. We know that Sigma was represented by at least two different attorneys with the Hyman firm. We cannot determine from the record when this change occurred. Counsel for Sigma indicated that no one appeared on behalf of Sigma because of a mis-communication between the attorneys in their office. At the conclusion of the November 13th hearing, the trial court did not enter an order directing the appellant to answer the request for production by a certain deadline. The court merely awarded $500.00 in attorney fees and dismissed Sigma's claim with prejudice.
The court may issue an order dismissing an action if the party fails to obey an order to provide or permit discovery according to La. Code Civ.P. art. 1471. We find no precedent for the dismissal of the claim where there has not been a violation of the court's order. In explaining, in cases where the responding party did not appear, why the court could not implement certain sanctions without conducting a subsequent hearing, the court in Crowell stated the rationale for the rule:
While there is nothing in Article 1469 which prohibits the incorporating of the Article 1471 sanctions into an order to compel, this approach has not been approved because it denies to a party the right to explain a failure to comply ... the court did not have an opportunity to hear *1024 from the plaintiff's counsel to consider justification for the non-compliance or discern whether the litigants themselves should be penalized as well as the attorney. (Citations omitted).
Crowell, 490 So.2d at 290.
Moreover, there is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. Horton v. McCary, 93-2315, p. 9 (La.4/11/94); 635 So.2d 199, 203. Unless a preexisting court order is in effect, a party who fails to comply with discovery is generally required to pay the reasonable expenses of obtaining an order compelling discovery. MTU of North America, Inc. v. Raven Marine, 475 So.2d 1063 (La.1985). However, "[r]efusal to comply with court ordered discovery is a serious matter" which may result in a much wider array of sanctions including that of dismissal. Horton v. McCary, 93-2315 at 9, 10; 635 So.2d at 203.
Dismissal, however, is considered the ultimate sanction, and it should be imposed only as a last resort and only after an opportunity to be heard has been afforded the litigant. Columbia Homestead Ass'n v. Arnoult, 615 So.2d 1 (La.App. 4 Cir.1992); Chandler v. Mallinckrodt, Inc., 527 So.2d 516 (La.App. 3 Cir.1988). The record must show that the noncompliance was due to the "willfulness, bad faith or fault" of the party himself as opposed to his counsel. Arnoult, 615 So.2d at 3; Allen v. Smith, 390 So.2d 1300 (La.1980). In other words, the record must show that the party was aware that his noncompliance would result in the sanction and show that the party himself, and not merely his attorney, was at fault in failing to comply with the discovery order. Mallinckrodt, 527 So.2d 516.
There is nothing in the record to indicate that Sigma's failure to answer the request for production was due to any bad faith on its part. Because there was never a court order for Sigma to comply with discovery, a hearing on this matter was never held, and thus the record is devoid of any explanation for Sigma's neglect. The record also does not reveal whether Sigma itself was aware of the discovery request or if Sigma knew that its claim could be dismissed unless the request for production was answered.
Accordingly, the judgment of dismissal was inappropriate. Dismissal is a sanction of last resort only to be imposed where a party has failed to comply with a court order of discovery and only after an opportunity to be heard has been afforded the litigant.

CONCLUSION
For the foregoing reasons, the judgment of dismissal is vacated and the action reinstated. The judgment awarding attorney fees is reversed and the case remanded to the trial court for proper judgment on the motion to compel and for a hearing to determine if the attorney for Sigma, and/or Sigma itself, should pay reasonable expenses, including attorney fees, the cost of the hearing on the motion to compel, and the costs of this appeal caused by the failure of either to appear for the hearing on the motion to compel.
REVERSED AND REMANDED.