886 So.2d 438 (2004)
Janice HUTCHINSON, Individually and on Behalf of Her Minor Child, Bryant Sibley, Jr.
v.
WESTPORT INSURANCE CORPORATION, the Law Offices of Jumonville & Lee, Jan P. Jumonville and Patrick F. Lee.
No. 2004-C-1592.
Supreme Court of Louisiana.
November 8, 2004.
*439 PER CURIAM.
Writ granted. The judgment of the court of appeal is reversed and the district court order of dismissal is reinstated.
This writ application concerns whether the district court's order of dismissal of plaintiffs' lawsuit for failing to comply with the court's order to respond to discovery was properly reversed by the court of appeal.
Plaintiffs filed a legal malpractice action against defendant law firm and its insurer. This malpractice action arose from a failure of defendant law firm to timely file an action for damages sustained by the minor child, Bryant Sibley, Jr., in an automobile accident.
The defendants in this matter served interrogatories and requests for production of documents upon the plaintiffs on August 16, 2002, seeking discovery in this matter that was set for trial on April 21, 2003. Ms. Hutchinson was representing herself and her minor son in proper person, despite the detailed advice from the district court judge regarding the disadvantages of proceeding without counsel.[1] On October 11, 2002, defendants filed a motion to compel answers to interrogatories and responses to requests for production of documents, alleging plaintiffs had failed to properly respond to discovery served upon them.
*440 The district court granted the motion to compel on November 27, 2002, ordering plaintiffs to respond within fifteen days from receipt of the order. Plaintiffs moved for, and were granted, an extension of thirty days to comply with that order. Plaintiffs having failed to comply with the ordered discovery, defendants filed a motion to dismiss on January 21, 2003.
The court heard the motion on April 11, 2003. After hearing from Ms. Hutchinson, the court granted the motion to dismiss, noting that defense counsel had patiently attempted to work with the plaintiffs to make it easy for them to comply with discovery because of their unrepresented status. The court of appeal reversed the judgment of dismissal and remanded the matter to the district court. For the following reasons, we grant the defendants' writ and reverse.
The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion. Lirette v. Babin Farms, Inc., 02-1402, p. 3 (La.App. 1 Cir. 4/2/03), 843 So.2d 1141, 1143; Garza v. Int'l. Maint. Corp., 97-317, p. 3 (La.App. 3 Cir. 10/29/97), 702 So.2d 1021, 1023. Dismissal, however, is a draconian penalty which should be applied only in extreme circumstances. Horton v. McCary, 93-2315, p. 10 (La.4/11/94), 635 So.2d 199, 203. Dismissal is a sanction of last resort only to be imposed where a party has failed to comply with a court order of discovery and only after an opportunity to be heard has been afforded the litigant. Garza, 97-317 at p. 5, 702 So.2d at 1024.
In Horton, we adopted from the federal courts four factors to consider before taking the drastic action of dismissal. These factors are: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. Horton, 93-2315 at pp. 10-11, 635 So.2d at 203. With these standards in mind and having reviewed the record, we find the district court did not abuse its discretion in imposing the sanction of dismissal for plaintiffs' failure to comply with its discovery order. The appellate court noted the following:
In the matter before us, Ms. Hutchinson is the client and is directly and solely responsible for the failure to comply with the discovery order which led to the dismissal. She was impatient, unrealistic in her expectations of damages and dissatisfied with the representation of several attorneys. Consequently, she demanded self-representation despite the trial court's warning that such procedure was unwise. Further, she was given special consideration and extra time to respond to discovery. Hutchinson v. Westport Ins. Corp., 04-138, p. 10 (La.App. 5 Cir. 5/26/04), 875 So.2d 891, 897.
Notwithstanding that these factual findings were not found to be manifestly erroneous and absent a clear showing that the district court judge had abused his discretion, the court of appeal reversed the district court's order and remanded the matter to the district court "with a warning that her case will be dismissed if the new order of the trial court is not obeyed timely."
Although dismissal is a harsh remedy, this case is deserving of a harsh remedy, as these tactics and delays frustrate the judicial system. The record contains sufficient evidence of plaintiffs' willful disobedience and fault to justify dismissal. Horton, 93-2315 at p. 11, 635 So.2d at 203. *441 Much of the discovery was easily answerable, even by a lay person. For example, defendants requested, inter alia, plaintiffs' name, address and date of birth, the names of hospitals, clinics and healthcare practitioners who treated Bryant for his injuries, and copies of all medical bills related to this accident. Other questions concerned Bryant's two prior visits to North Oaks Hospital for head injuries. Plaintiffs' response to every interrogatory or request was either "could you be more specific" or "objection; due to the lack of sufficient evidence." These responses demonstrate plaintiffs' complete failure to make a good faith effort to respond to the discovery. At the hearing on the motion, defense counsel informed the court that plaintiffs' failure to cooperate in discovery made it impossible for the defense to proceed and placed the defense at a disadvantage if they had to try the case without the discovery.
The record fully supports a conclusion that plaintiffs' failure to comply with discovery was willful, and thus, the trial court did not abuse its discretion in ordering dismissal. Litigants cannot refuse to make a good faith effort to respond to discovery; if they do they run the risk of incurring sanctions, up to and including dismissal and default. In our view, plaintiffs' egregious conduct warrants the harsh remedy of dismissal.

DECREE
The judgment of the court of appeal is reversed. The trial court's order of dismissal is reinstated.
REVERSED.
CALOGERO, C.J., and JOHNSON, J., dissent and would deny the writ.
NOTES
[1] The record shows plaintiffs hired and then discharged four law firms to represent them in the malpractice action. The Fields Law Firm, the fifth successive law firm representing the plaintiffs, sought and was granted a motion to withdraw as counsel of record, after determining plaintiffs' expectations were far greater than the quantum associated with the facts and specials of this matter.