STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


04-1105


CARLISS WAYNE GORDON, SR.

VERSUS

SONIC OF JENNINGS, LA


************


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION,
DISTRICT 3,
PARISH OF CALCASIEU, NO. 03-63845,
HONORABLE SAM L. LOWERY, WORKERS' COMPENSATION JUDGE


************


JAMES T. GENOVESE
JUDGE


************


Court composed of Chief Judge Ulysses Gene Thibodeaux, Billy H. Ezell and James T. Genovese, Judges.


**AFFIRMED.**


**Carliss Wayne Gordon, Sr.**
**In Proper Person**
**303 East Willis Street**
**Jennings, Louisiana 70546**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Carliss Wayne Gordon, Sr.**


**James J. Hautot**
**Judice & Adley**
**926 Coolidge Boulevard**
**Lafayette, Louisiana 70505**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Sonic of Jennings, LA**

GENOVESE, Judge.

Workers' compensation Claimant, Carliss W. Gordon, Sr., appeals the judgment of the Office of Workers' Compensation dismissing his claim with prejudice for his failure to respond to discovery.

Gordon's asserts that he was shot by police following an alleged job-related dispute with a co-worker on May 29, 2003. Gordon's claim for compensation was filed on September 4, 2003, through his attorney.

The Defendant in this matter, Sonic of Jennings, LA, ("Sonic"), filed an answer to the claim on October 3, 2003. Sonic then mailed interrogatories and requests for production of documents to Gordon through his counsel of record, Corey L. Rubin, on October 2, 2003, seeking certain discovery in this matter. On December 21, 2003, Gordon filed a hand-written motion for sanctions against Sonic wherein he seemingly accused the Defendant of libel and certain parties of orchestrating a scheme to entrap him into losing his job and having him arrested.

Pursuant to status conference held on December 30, 2003, a scheduling order was issued setting this matter for trial on July 21, 2004. Gordon was still being represented by counsel at this time.

On February 4, 2004, Sonic filed a motion to compel the Defendant to answer interrogatories and comply with requests for production. The motion to compel was set for hearing on February 23, 2003. The minutes of court on February 23, 2004, indicate that Gordon was not present at the hearing. Gordon received notice of the hearing on the motion via certified mail by personal acceptance on February 12, 2004.

The workers' compensation judge granted Defendant's motion to compel on March 1, 2004, ordering Gordon to respond by March 15, 2004, and also ordering Gordon to appear at defense counsel's office to give his deposition no later than April

1

1, 2004.  Also at the hearing on February 23, 2004, the workers' compensation judge reviewed Gordon's motion for sanctions filed by him on December 21, 2003, and ruled that Gordon's motion was premature and referred it to the merits.   Notice of Judgment was sent to Gordon via certified mail; however, the record shows Gordon "refused" to accept delivery of said correspondence.

Sonic then filed a motion to dismiss on May 26, 2004, for Gordon's failure to comply with the ordered discovery.  The judge granted the motion to dismiss on May 27, 2004.

## ISSUES

Gordon appeals.  He asserts: (1) the judge abused his discretion in ruling that the Gordon's motion for sanctions was premature, and, (2) the judge abused his discretion by dismissing Gordon's claims with prejudice for Gordon's failure to comply with a valid order compelling discovery.

## LAW AND DISCUSSION

The Louisiana Supreme Court very recently addressed the issue of sanctions for failure to comply with discovery in *Hutchinson v. Westport Ins. Co.*, 04-1592, p. 2 (La. 11/08/04), 886 So.2d 438, 440:

> The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion. *Lirette v. Babin Farms, Inc.,* 02-1402, p. 3 (La.App. 1 Cir. 4/2/03), 843 So.2d 1141, 1143; *Garza v. Int'l. Maint. Corp.,* 97-317, p. 3 (La.App. 3 Cir. 10/29/97), 702 So.2d 1021, 1023.  Dismissal, however, is a draconian penalty which should be applied only in extreme circumstances. *Horton v. McCary,* 93-2315, p. 10 (La.4/11/94), 635 So.2d 199, 203.  Dismissal is a sanction of last resort only to be imposed where a party has failed to comply with a court order of discovery and only after an opportunity to be heard has been afforded the litigant. *Garza,* 97-317 at p. 5, 702 So.2d at 1024.
>
> In *Horton*, we adopted from the federal courts four factors to consider before taking the drastic action of dismissal.  These factors are: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation;

2

and, (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. *Horton,* 93-2315 at pp. 10-11, 635 So.2d at 203.

With these standards in mind and having reviewed the record, we find the trial court did not abuse its discretion in imposing the sanction of dismissal for Mr. Gordon's failure to comply with its discovery order.

In the matter before us, Gordon chose to represent himself. "[He] is directly and solely responsible for his failure to comply with the discovery order which led to the dismissal" of his case. *Hutchinson*, 886 So.2d 438, 440. Without cause or justification, despite court order, Gordon willfully failed to comply with discovery and be deposed. He had several months to respond to discovery and refused. Much of the discovery was easily answerable; however, Gordon simply ignored the Defendant's requests and court order. Further, Gordon knowingly and willfully thwarted the judicial process by refusing acceptance of an official court notice concerning his case, and now attempts to cast blame on the court for his own neglect and avoidable failures.

The record supports a conclusion that Gordon's failure to comply with discovery was willful. Gordon's actions were dilatory to the judicial process and his failure to make a good faith effort to respond to the discovery warrants the harsh remedy he received. The workers' compensation judge did not abuse his discretion, nor was there manifest error, in dismissing Gordon's workers' compensation claims with prejudice.

For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed. All costs of this appeal are assessed against Appellant, Carliss Wayne Gordon, Sr.

**AFFIRMED.**

3