GORBATY, J.,
dissents with reasons.
hi respectfully dissent. La. C.C.P. art. 1471 provides in pertinent part:
If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
Trial courts in Louisiana have broad discretion when regulating pre-trial discovery. This discretion will not be disturbed on appeal absent a clear showing of abuse. Moak v. Illinois Cent. R. Co., 93-0783 (La.1/14/94), 631 So.2d 401. In Hutchinson v. Westport Insurance Corp., 2004- *416 1592 (La.11/8/04), 886 So.2d 438, the Supreme Court recognized that a trial court has much discretion in imposing sanctions on litigants for failure to comply with discovery orders, and noted, “Although dismissal is a harsh remedy, this case is deserving of a harsh remedy, as these tactics and delays frustrate the judicial system.” Id. at 440.
Plaintiffs state that they could not comply with discovery orders because of Hurricane Katrina, post-9/11 travel restrictions, and Typhoon Durian (a catastrophic typhoon in the Philippines). Many plaintiffs lived in remote areas of the Philippines, further slowing the process of reapplying for visas. Plaintiffs point 12out that Mr. Musslewhite, plaintiffs’ counsel, traveled to Manila in order to participate in the visa application process to the extent allowed.
The Filipino plaintiffs violated court orders to appear in New Orleans for deposition multiple times. The Filipino plaintiffs filed suits in Civil District Court for the Parish of Orleans in 1994. In February 2000, they were ordered by the trial court to appear in New Orleans for depositions. None of the plaintiffs appeared, nor was the court advised that they would not appear. In 2005, MHI filed a motion to dismiss. Plaintiffs responded that they were unable to obtain a visa to travel to New Orleans. In February 2005, the court denied that motion, but ordered plaintiffs to reapply for a visa at the U.S. Embassy in Manila. If that application was unsuccessful, plaintiffs were to notify the court so that a status conference could be scheduled.
In August 2006, MHI obtained permission from the court to file Supplemental Interrogatories and Requests for Production of Documents to the Filipino plaintiffs in an effort to learn whether they had reapplied for visas as ordered by the court. No answer was received, and a Motion to Compel was filed. The responses eventually received in December 2006 indicated that plaintiffs had done nothing and had failed to reapply for visas at the U.S. Embassy.
Plaintiffs did not attempt to reapply for visas until after MHI filed its second Motion to Dismiss on June 28, 2007. MHI introduced the affidavits of immigration attorney/expert, Mark Murov, who stated that the efforts by plaintiffs and their counsel to procure visas were “woefully inadequate” even by minimum standards that any layperson could easily have learned. Plaintiff offered no affidavit or other evidence that would excuse their inaction and noncompliance with the trial court’s orders.
This case illustrates a complete refusal of the litigants and their attorneys to comply with the orders of the trial court. The trial court properly dismissed the |sclaims because its orders were flouted, defied and ignored for 8 years. Plaintiffs disregarded the order to reapply for visas for two and a half years, and made no effort to reapply for visas until after the defendants moved to dismiss plaintiffs’ suits. Plaintiffs were aware of the need to travel to the United States for depositions, but repeatedly failed to take steps to do so.
Under these specific circumstances, the trial court did not abuse its broad discretion. Here, the plaintiffs’ repeated and egregious failure to comply with orders over a period of several years justifies the remedy imposed. Accordingly, for these reasons, I would affirm this matter in its entirety.