# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 23-463


WELLS FARGO BANK, NA

VERSUS

JOSEPH L. JONES


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 14-C-3234-A
HONORABLE GREGORY JAMES DOUCET, DISTRICT JUDGE

**********

## CANDYCE G. PERRET
## JUDGE

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Gary J. Ortego, Judges.


**AFFIRMED.**

**Joseph L. Jones**
**Rebecca Mae Valmont Jones**
**3097 Highway 167**
**Opelousas, LA   70570**
**(337) 780-1170**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **In Proper Persons**

**Christopher D. Meyer**
**Burr & Forman, LLP**
**190 E. Capitol St., Suite M-100**
**Jackson, MS   39201**
**(601) 355-3434**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Wells Fargo Bank, N.A.**

**Elizabeth Crowell Price**
**Dean Morris, L.L.C.**
**1505 North 19th Street**
**Monroe, LA   71207-2867**
**(318) 388-1440**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Wells Fargo Bank, N.A.**

**PERRET, Judge.**

Joseph Jones, a/k/a Joseph Lawrence Jones, and Rebecca Mae Valmont Jones, a/k/a Rebecca Mae Valmont, (collectively "the Defendants") appeal a May 10, 2023 trial court judgment that granted Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss for Failure to Comply with Discovery Order and dismissed the Defendants' third amended reconventional demand. The judgment also denied Wells Fargo's request for attorney fees and costs. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 16, 2014, Wells Fargo filed a Petition to Enforce Security Interest by Executory Process against the Defendants. According to the petition, Wells Fargo alleged it is owed the following amounts under the Defendants' note and mortgage: "(a) principal of $248,585.98 with interest thereon at 9.130% per annum from July 15, 2012, until paid; (b) all expenses incurred in enforcing the note and mortgage including reasonable attorney's fees of not less than $2,500.00 . . . ."

On March 18, 2016, Wells Fargo filed a Petition to Convert Executory Proceeding to Ordinary Proceeding. Thereafter, on May 6, 2016, the Defendants, who have appeared pro se throughout these proceedings, responded to the petition with an answer generally denying the allegations of the petition and also stating that "[t]he property description is incorrect."

On June 22, 2016, Wells Fargo filed a Motion for Summary Judgment, arguing that there are no material issues to resolve and that it is entitled to judgment as a matter of law. In support of its motion, Wells Fargo attached the following exhibits: (1) the March 10, 2010 promissory note for $252,792.76, payable to Wells Fargo; (2) a certified copy of act of mortgage; (3) the July 14, 2014 affidavit of David

Hugenbruch for his attorney fees; (4) a June 14, 2016 affidavit of Annette Corbin attesting to the fact that the Defendants "were not in the military service of the United States;" (5) the June 7, 2016 affidavit of Vanna D. Tipton, the Vice-President Loan Documentation for Wells Fargo Bank; (6) the June 17, 2016 memorandum in support of the Motion for Summary Judgment; and (7) a statement of uncontested facts. A hearing on the Motion for Summary Judgment was set for July 22, 2016.

On July 20, 2016, the Defendants filed for Chapter 13 Bankruptcy in the Western District of Louisiana. Thereafter, on September 6, 2016, a Chapter 13 Plan was filed into the record by the United States Bankruptcy Court, Western District of Louisiana, Lafayette Division. On January 27, 2021, the bankruptcy court dismissed the Defendants' case.

On April 29, 2022, Wells Fargo filed a Motion for Leave of Court to File Amended Petition to Enforce Security Interest by Ordinary Process. The Amended Petition was filed in lieu of a Partial Release of Mortgage that was filed on May 17, 2021.

On May 23, 2022, the Defendants filed an Answer, Affirmative Defenses, and Reconventional Demand that denied Wells Fargo's allegations and asserted the affirmative defense of prescription. The Defendants reconvened alleging, in pertinent part:

15.

Defendant in Reconvention is liable to Petitioners in Reconvention pursuant to La. R.S. 9:4833, in that on March 22, 2018 Petitioners in Reconvention provided written demand to Defendant in Reconvention to remove an improperly filed lien. It wasn't until May 17, 2021 that Defendant in Reconvention released Petitioners in Reconvention's property from an improperly filed lien. Petitioners in Reconvention have sustained damages due to Defendant in Reconvention improperly filing a lien against their property.

4

16.

Defendant in Reconvention is liable to Petitioners in Reconvention pursuant to La. R.S. 51:2254, et seq., in that it unlawfully discriminated against Petitioners in Reconvention because of their: race and/or age in not granting, extending, modifying, or renewing of rates, terms, conditions, privileges, or other provisions of the mortgage. Additionally, Defendant in Reconvention unlawfully discriminated against Petitioners in Reconvention by charging higher rates, charges or fees for or collateral required to secure the mortgage because Petitioners in Reconvention are African-American.

On June 14, 2022, Wells Fargo responded by filing an Answer and Affirmative Defenses to Reconventional Demand and Exceptions of Vagueness and No Cause of Action. Thereafter, the Defendants filed a Motion to Compel Wells Fargo to Produce Request for Records and Documents.

After a hearing, the trial court issued the following ruling on August 5, 2022, (alteration added):

> This matter came before the Court on July 15, 2022 on the Answer with Exceptions of Vagueness and No Cause of Action filed by Plaintiff and Defendant-in-Reconvention, Wells Fargo Bank, N.A. and the Motion to Compel Plaintiff to Produce Request for Records and Documents filed by Defendants . . . .
>
> . . . .
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the Exception of Vagueness as to La. R.S. 9:48333 is DENIED.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Exception of Vagueness as to 42 U.S.C. §§ 3601 and 3617 [the Fair Housing Act] is SUSTAINED and the claims are prescribed.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Exception of No Cause of Action as to any claims of discrimination as asserted in the Reconventional Demand is SUSTAINED. Further, the Defendants shall have leave of Court to amend the Reconventional Demand within fifteen (15) days from July 15, 2022, on or before July 30, 2022.
>
> **IT IS FURTHER ORDERED, ADJDUGED AND DECREED** that the Exception of No Cause of Action as to La. R.S.

41:1401, et seq. is SUSTAINED. Further, the Defendants shall have leave of Court to amend the Reconventional Demand within fifteen (15) days from July 15, 2022, on or before July 30, 2022.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Compel is DENIED.

On July 29, 2022, the Defendants filed a Second Supplement to Answer to Wells Fargo's Amended Petition and Defendant[s'] Petition for Reconventional Demand. In response, on August 15, 2022, Wells Fargo filed Exceptions of Prescription, No Cause of Action, and Vagueness and Nonconformity.

After a hearing, the trial judge rendered the following judgment on September 26, 2022:

> This matter came before the Court on September 9, 2022 on the Exceptions of Prescription, No Cause of Action, and Vagueness and Nonconformity filed by Plaintiff and Defendant-in-Reconvention, Wells Fargo Bank, N.A., in response to the Reconventional Demand filed on July 29, 2022 by Defendants . . . .
>
> . . . .
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the Peremptory Exception of Prescription as to an improper lien and/or partial release of the Mortgage asserted by the Defendants pursuant to the Fair Housing Act as codified by 42 U.S.C. § 3601, et seq., is SUSTAINED and the claims are prescribed.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Peremptory Exception of Prescription as to claims asserted by the Defendants pursuant to the Fair Housing Act under 42 U.S.C. §§ 3601, 3613 and 3617 is SUSTAINED and the claims are prescribed.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Peremptory Exception of Prescription as to claims asserted by the Defendants pursuant to the La. R.S. 51:2254 is SUSTAINED and the claims are prescribed.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Peremptory Exception of No Cause of Action as to claims asserted by the Defendants pursuant to La. R.S. 51:2254 and the Fair Housing Act as codified by 42 U.S.C. § 3601, et seq., is SUSTAINED.

6

**IT IS FURTHER ORDERED, ADJDUGED AND DECREED** that the Dilatory Exception of Vagueness and Nonconformity as to claims of damages regarding an improper lien asserted by the Defendants in the Reconventional Demand is SUSTAINED. Further, the Defendants shall have leave of Court to amend the Reconventional Demand within twenty (20) days from September 9, 2022, or on or before September 29, 2022.

On September 27, 2022, the Defendants filed their Amended Reconventional Demand to Include Damages, which only addressed Wells Fargo's improper lien on their property and requested damages in the amount of $368,595.00.

On October 10, 2022, Wells Fargo propounded written discovery on the Defendants, including eight requests for admission on information directly related, and relevant, to the Defendants' third reconventional demand.

On October 19, 2022, Wells Fargo filed its Answer and Affirmative Defenses to the Amended Reconventional Demand.

Thereafter, on December 13, 2022, Wells Fargo filed a Plaintiff's Motion to Deem Matters Admitted and Incorporated Memorandum, alleging that the Defendants failed to submit any responses to its October 10, 2022 written requests for discovery. In support of its motion, Wells Fargo attached a copy of its First Set of Requests for Admission, Interrogatories and Requests for Production of Documents. After a hearing on January 27, 2023, the trial court orally granted Wells Fargo's Motion to Deem Matter Admitted and Incorporated Memorandum and subsequently signed the judgment on February 15, 2023.

In February 2023, Wells Fargo filed a Motion to Compel the Defendants to respond to its discovery requests. Following a hearing, the trial court orally granted Wells Fargo's motion and ordered the Defendants to respond to Wells Fargo's discovery within "(15) days from February 3, 2023[.]" The signed judgment, rendered on February 23, 2023, further ordered, as follows: "[the Defendants] are to

7

pay reasonable attorney fees in the amount of $860.00 and costs in the amount of $340.00 incurred in connection with the Motion to Compel[;]" and "the Defendants' Request to Amend Reconventional Demand is hereby **DENIED** and Plaintiff's oral Motion to Strike the Defendants' claims of discrimination pursuant to the Fair House Act . . . is hereby **GRANTED** with said claims herein shall be and are **STRICKEN** from the record in this matter."

On March 15, 2023, Wells Fargo filed a Motion to Dismiss for Failure to Comply with Discovery Order, alleging that "[f]ifteen (15) days have now passed since the Court ordered [the] Defendants to respond to the discovery, and [the] Defendants failed to comply with the order compelling them to respond in full to the discovery." The trial court set a hearing on this motion for April 23, 2023.

On April 3, 2023, the Defendants filed a Motion for Recusal of Judge, alleging that the trial judge "showed bias" throughout the course of these proceedings. In response to the motion to recuse, the trial judge denied the Defendants' motion in a per curiam, signed on April 13, 2023.

On April 21, 2023, a hearing was held on Wells Fargo's Motion to Dismiss for Failure to Comply with Discovery Order. At the hearing, the trial judge and pro se defendant, Mr. Jones, discussed the history of the case as well as the discovery requests, as follows:

> THE COURT: It's -- you have to respond to discovery and I told you that the last time, you have to be specific in your response and you went to law school so you know how to handle discovery.
>
> MR. JONES: Well, I failed the bar so –
>
> THE COURT: And I've been giving you a lot, a lot of lead way.
>
> MR. JONES: So I didn't know, but my point is –

THE COURT:  Failing the bar and going to law school are two totally different things.

MR. JONES: Well, but what I am saying is and -- and the only discovery I got was from Wells Fargo Announcement from the President of it saying that they had engaged in rinse repeat type discriminatory action and they paid three point seven billion dollars and so if I had the file, I had a list of people I could subpoena or depose and have witnesses, but I don't have access to the files, all I have is an announcement by Wells Fargo President that yes, we did it.

MS. PRICE: Objection, Your Honor, to relevance.

THE COURT: Sustained.

All right, I mean, again I've looked at all the facts in this case, I've looked at all the responses in discovery, we've been going back and forth this [case] has been pending since 2014, granted no action could be taken until January of 2021 when the bankruptcy court released it.  We are now of April of 2023, and we still going back and forth on the same allegations in the Reconventional Demand which uh I've ruled on most of them and now today we are at a Motion to Dismiss the Amended Reconventional Demand to include damages which was filed September 27th, 2022.  The Court -- plaintiff has specifically asked for responses to support defendant's claims in that Reconventional Demand and defendant has failed to respond after being specifically told to respond with specificity and to provide documents.  The Court has evaluated the two Supreme Court Cases, [*Hutchinson v. Westport Ins. Corp.*, 04-1592 (La.11/08/04), 886 So.2d 438, where the suit of a pro se plaintiff was dismissed for violating discovery orders] and [*Horton v. McCary,* 93-2315 (La. 4/11/94), 635 So.2d 199] and the Court finds that all the factors apply in this matter and accordingly, the Court is going to dismiss the Amended Reconventional Demand and Included Damages filed by defendants on September 27th 2022 for failure to comply or respond to discovery under Louisiana Code of Civil Procedure Article [1471](A)(3), where the Court has the authority to dismiss the action or proceedings.  The Court has also looked at the cost, the request for attorney's fees and the Court is going to find that those fees are not gonna [sic] be awarded for the filing of the Motion to Dismiss, but the dismissal will be granted.

Thereafter, on May 10, 2023, the trial court signed a judgment granting Wells Fargo's Motion to Dismiss for Failure to Comply with Discovery Order.

On appeal, the Defendants allege that the following three issues are before this court:

9

1. The District Court committed reversible error when it denied Appellants['] Motion for Recusal.

2. The District Court committed reversible error when it granted Appellees['] Motion to Dismiss.

3. The District Court committed reversible error when it colluded with Well[s] Fargo and the Law Firm of Dean Morris to deny Appellants their Due Process and Equal Protection rights and Fair Housing rights, under the 14th Amendment and the Fair Housing Act, 42 U.S.C. §3601 etc.

## STANDARD OF REVIEW

The appellate standard of review for a trial court's sanction against a party that fails to produce discovery is whether the trial court abused its great discretion. *Acadiana Renal Physicians v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, 23-372 (La.App. 3 Cir. 6/28/23), 368 So.3d 745. As this court recently stated in *Acadiana Renal Physicians*, 368 So.3d at 752:

> Louisiana Code of Civil Procedure Article 1471 grants the trial court the power to impose sanctions on a party or his attorney for the unjustified failure to obey a discovery order. "The trial court has much discretion when choosing the appropriate sanctions, under La.Code Civ.P. art. 1471, for a party's failure to comply with a discovery order, and we will not reverse its choice absent a clear showing that it abused its discretion." *In re Wiley*, 03-793, p. 5 (La.App. 3 Cir. 12/23/03), 862 So.2d 1243, 1246-47; *see also Rice v. Sagrera*, 95-155 (La.App. 3 Cir. 5/31/95), 657 So.2d 419, *writ denied*, 95-1657 (La. 10/6/95), 661 So.2d 470.

Before addressing the merits of the case, we again note that the Defendants are appearing pro se in this matter and their brief does not comply with Uniform Rules—Courts of Appeal, Rule 2–12.4(A). However, "[i]n the interest of justice this court will read pro se filings indulgently and attempt to discern the thrust of the appellant[s]' position on appeal and the relief [they] seek[]." *Magee v. Williams*, 50,726, p. 5 (La.App. 2 Cir. 6/22/16), 197 So.3d 265, 268.

10

**DISCUSSION**

*The Defendants' Motion to Recuse:*

In their appellate brief, the Defendants contend the trial judge erred "in failing to recuse himself when [he] found that 'said motion is untimely based on La. C.C.P[.] 154.'" The Defendants argue that the trial judge "made a considered effort to misrepresent the facts to rush this case to dismissal" and that he "conveniently skipped over his Order dated March 17, 2023[,]" when determining that the February 3, 2023 ruling was the last decision in this matter prior to the Motion for Recusal.

Louisiana Code of Civil Procedure Article 151 provides the grounds for a judge's recusal, and states, in pertinent part:

> A. A judge of any trial or appellate court shall be recused upon any of the following grounds:
>
> (1) The judge is a witness in the cause.
>
> (2) The judge has been employed or consulted as an attorney in the cause or has previously been associated with an attorney during the latter's employment in the cause, and the judge participated in representation in the cause.
>
> (3) The judge is the spouse of a party, or of an attorney employed in the cause or the judge's parent, child, or immediate family member is a party or attorney employed in the cause.
>
> (4) The judge is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings.
>
> B. A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

In *In re Eleanor Pierce (Marshall) Stevens Living Tr.*, 17-111, p. 13 (La.App. 3 Cir. 10/4/17), 229 So.3d 36, 47, *writ denied*, 17-1868 (La. 1/29/18), 233 So. 3d

11

613, this court addressed La.Code Civ.P. art 151 in regard to the assertion of bias and/or prejudice, and explained as follows:

> Significantly, Article 151 "do[es] not include a 'substantial appearance of the possibility of bias' or even a 'mere appearance of impropriety' as causes for removing a judge from presiding over a given action." *Slaughter [v. Board of Sup'rs of Southern Univ.*, 10-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 471, *writ denied*, 11-2112 (La. 1/13/12), 77 So.3d 970.] It instead requires a finding of actual bias or prejudice that is of a substantial nature, and not one based on merely conclusory allegations. *Covington v. McNeese State Univ.*, 10-0250 (La. 4/5/10), 32 So.3d 223. Furthermore, and as a foundational point, it is important to recall that "[a] judge is presumed to be impartial." *Slaughter*, 76 So.3d at 471.

Louisiana Code of Civil Procedure Article 154 provides the procedure for the recusal of a trial judge and states, in pertinent part (emphasis added):

> A. A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusal under Article 151. **This motion shall be filed no later than thirty days after discovery of the facts constituting the ground upon which the motion is based, but in all cases prior to the scheduling of the matter for trial.** In the event that the facts constituting the ground upon which the motion to recuse is based occur after the matter is scheduled for trial or the party moving for recusal could not, in the exercise of due diligence, have discovered such facts, the motion to recuse shall be filed immediately after such facts occur or are discovered.
>
> B. If the motion to recuse sets forth a ground for recusal under Article 151, not later than seven days after the judge's receipt of the motion from the clerk of court, the judge shall either recuse himself or make a written request to the supreme court for the appointment of an ad hoc judge as provided in Article 155.
>
> C. If the motion to recuse is not timely filed in accordance with Paragraph A of this Article or fails to set forth a ground for recusal under Article 151, the judge may deny the motion without the appointment of an ad hoc judge or a hearing but shall provide written reasons for the denial.

Again, it is worth reiterating that "a judge is presumed to be impartial." *City of Baton Rouge v. Douglas*, 16-655, p. 11 (La.App. 1 Cir. 4/12/17); 218 So.3d 158, 166. On appeal, a trial judge's ruling that denies a motion to recuse will not be

12

reversed absent an abuse of discretion. *Menard v. Menard*, 19-580 (La.App. 3 Cir. 3/11/20), 297 So.3d 82.

In this case, the trial judge issued a well-reasoned per curiam for finding the Motion to Recuse untimely and without merit. The per curiam, signed on April 11, 2023, stated, in pertinent part (emphasis added):

> JONES [the Defendants] filed a Motion for Recusal of Judge on April 3, 2023 alleging the undersigned is biased, impartial, acting in collusion with the opposing party, denying them of their legal rights, and attempting to punish and intimidate them. All of the allegations are adamantly denied by the undersigned. The allegations are derived from several unfavorable rulings made by the undersigned against JONES on their claims under the Fair Housing Act: 42 U.S.C. 3601, et seq.; Trade and Commerce: La.R.S. 51:2254; and various discovery matters. Hearings were held on July 15, 2022 and September 9, 2022 on those matters with rulings made by the undersigned on said dates. Judgments signed August 5, 2022 and September 26, 2022, respectively. Subsequent hearings were had on other motions on January 27, 2023 and February 3, 2023 with rulings made on said dates. Judgments were signed on February 15, 2023. **No notice of intent to file applications for supervisory writs have been filed by JONES from any of the interlocutory judgments signed.**
>
> La. C.C.P. Art. 1914, in part, states ". . . rendition of an interlocutory judgment in open court constitutes notice to all parties." . . . .
>
> JONES alleges that the undersigned is biased, impartial, acting in collusion with the opposing party, denying them of their legal rights, and attempting to punish and intimidate them. Bias or prejudice are grounds for a judge to recuse himself from the matter as per La. C.C.P. Art. 151 (4). La. C.C.P. Art. 154 (A) states "A party desiring to recuse a judge of a district court shall file a written motion assigning the ground for recusal under Article 151. This motion shall be filed no later than thirty days after discovery of the facts constituting the ground upon which the motion is based, . . .". JONES were put on notice of the alleged grounds in 2022 when judgments were rendered/signed. The last decision in this matter was made February 3, 2023 with the judgment being signed on February 15, 2023, over 30 days from the filing of the motion for recusal which was filed on April 3, 2023.
>
> Canon 3 [C] states "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned and shall disqualify himself or herself in a proceeding in

which disqualification is required by law or applicable Supreme Court rule[.”] The undersigned adamantly denies all allegations set forth by JONES and further maintains that all proceedings herein were conducted in a fair and impartial manner. All decisions were based upon the law and the facts presented. At no time did bias, prejudice or any of the other allegations influence any of the decisions made by the undersigned. The undersigned further demonstrates that the said allegations made by JONES have absolutely no merit and further, any future decisions in this matter will again be made solely on the facts presented and the law applied thereto.

The allegations made by JONES against the undersigned are the results of unfavorable rulings made against JONES. Rather than file the Motion for Recusal of Judge, JONES' avenue was to file supervisory writs to the Louisiana Court of Appeals which should have been done 30 days from the notice of the judgments. No notice of intent has been filed and said right is prescribed. Further, JONES was put on notice of the alleged grounds for recusal beginning in 2022 and failed to take any actions at such time. Said motion is untimely based on La. C.C.P. Art. 154.

Accordingly, the Motion for Recusal of Judge is hereby DENIED for the reasons stated herein.

After reviewing the record, jurisprudence, and the Louisiana Code of Civil Procedure, we agree with the trial judge's finding that the Defendants' Motion for Recusal was untimely. The Defendants based their April 3, 2023 Motion for Recusal on several trial court orders that were entered into prior to March 4, 2023. Specifically, the record evidences the following trial court rulings:

- On August 5, 2022, the trial judge: (1) denied the Defendants' Motion to Compel Plaintiffs to Produce Request for Records and Documents; (2) sustained Wells Fargo's Exception of Vagueness as to 42 U.S.C. §§ 3601 and 3617 [the Fair Housing Act] and dismissed these claims as prescribed, and (3) sustained Wells Fargo's Exception of No Cause of Action as to La.R.S 51:1401, Louisiana's Unfair Trade Practices and Consumer Protection Law.

- On September 26, 2022, the trial judge: (1) sustained Wells Fargo's Peremptory Exception of Prescription as to an improper lien and/or partial release of the Mortgage asserted by the Defendants pursuant to the Fair Housing Act and dismissed these claims as prescribed; (2) sustained Wells Fargo's Peremptory Exception of Prescription as to claims asserted by the Defendants

14

pursuant to the Fair Housing Act under 42 U.S.C. §§ 3601, 3613 and 3617, finding that the claims are prescribed; (3) sustained Wells Fargo's Peremptory Exception of Prescription as to claims asserted by the Defendants pursuant to the La. R.S. 51:2254, finding that the claims prescribed; (4) sustained Wells Fargo's Peremptory Exception of No Cause of Action as to claims asserted by the Defendants pursuant to La. R.S. 51:2254 and the Fair Housing Act as codified by 42 U.S.C. § 3601, et seq.; and (5) sustained the Dilatory Exception of Vagueness and Nonconformity as to claims of damages regarding an improper lien asserted by the Defendants in the Reconventional Demand.

- On January 27, 2023, the trial judge orally granted Wells Fargo's Motion to Deem Matters Admitted and signed the judgment on February 15, 2023.

- On February 3, 2023, the trial court orally: (1) granted Wells Fargo's Motion to Compel; (2) ordered the Defendants to pay $860.00 in attorney fees and $340.00 in costs; and (3) granted Wells Fargo's Motion to Strike the Defendants' claims of discrimination pursuant to the Fair Housing Act. This judgment was signed on February 23, 2023.

As the trial judge properly stated in his per curiam, the Defendants did not file a Motion for Recusal or a supervisory writ within thirty days of any of these trial court rulings. Further, "adverse rulings alone do not show bias or prejudice." *Earles v. Ahlstedt*, 591 So.2d 741, 746 (La.App. 1 Cir. 1991). We also find no merit in the Defendants' argument that the trial court failed to consider the March 17, 2023 order setting Wells Fargo's Motion to Dismiss for Failure to Comply with Discovery Order in considering their Motion for Recusal. As Wells Fargo correctly stated in its brief, the Defendants "fail to explain in either their Motion for Recusal or Appellate Brief how an order setting a motion for hearing is evidence of bias, let alone how it would be grounds for recusal." After a review of the record, we find no abuse of discretion in the trial court's ruling that denied the Motion to Recuse as the Defendants failed to timely file their motion and failed to identify any basis on which their motion should have been granted.

***Wells Fargo's Motion to Dismiss:***

The Defendants next argue that the trial court committed reversible error when it granted Wells Fargo's Motion to Dismiss for Failure to Comply with Discovery Order. Louisiana Code of Civil Procedure Article 1471(A) sets forth the sanctions a trial court may impose against a party for failure to comply with discovery orders and provides, in pertinent part:

> A. If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, including any of the following:
>
> . . . .
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a default judgment against the disobedient party . . . .

In *Gordon v. Sonic of Jennings*, 04-1105 (La.App. 3 Cir. 2/2/05), 893 So.2d 158, this court addressed a similar situation and affirmed a trial court judgment that dismissed a pro se plaintiff's complaint as a sanction for violating an order compelling discovery.[1] In addressing the applicable jurisprudence, this court stated:

> The Louisiana Supreme Court very recently addressed the issue of sanctions for failure to comply with discovery in *Hutchinson v. Westport Ins. Co.*, 04-1592, p. 2 (La.11/08/04), 886 So.2d 438, 440:
>
> > The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion. *Lirette v. Babin Farms, Inc.*, 02-1402, p. 3 (La.App. 1 Cir. 4/2/03), 843 So.2d 1141, 1143; *Garza v. Int'l. Maint. Corp.*, 97-317, p. 3 (La.App. 3 Cir. 10/29/97), 702 So.2d 1021, 1023. Dismissal, however, is a draconian penalty which should be applied only in extreme circumstances. *Horton v. McCary*, 93-2315, p. 10 (La.4/11/94), 635 So.2d

---

[1] In *Gordon*, a worker compensation claimant, representing himself, willfully failed to comply with a discovery order and be deposed. Claimant had several months to respond to discovery but simply ignored the defendant's request and a court order. This court held that the Workers' Compensation Judge did not abuse his discretion in imposing the sanction of dismissal with prejudice for failure to comply with his discovery order.

199, 203. Dismissal is a sanction of last resort only to be imposed where a party has failed to comply with a court order of discovery and only after an opportunity to be heard has been afforded the litigant. *Garza*, 97-317 at p. 5, 702 So.2d at 1024.

In *Horton*, we adopted from the federal courts four factors to consider before taking the drastic action of dismissal. These factors are: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and, (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. *Horton*, 93-2315 at pp. 10–11, 635 So.2d at 203.

*Id.* at 160. In applying these principles, this court concluded that "the trial court did not abuse its discretion in imposing the sanction of dismissal for Mr. Gordon's [Plaintiff's] failure to comply with its discovery order." Specifically, this court stated (second alteration in original):

Gordon [Plaintiff] chose to represent himself. "[He] is directly and solely responsible for his failure to comply with the discovery order which led to the dismissal" of his case. *Hutchinson*, 886 So.2d 438, 440. Without cause or justification, despite court order, Gordon willfully failed to comply with discovery and be deposed. He had several months to respond to discovery and refused. Much of the discovery was easily answerable; however, Gordon simply ignored the Defendant's requests and court order. Further, Gordon knowingly and willfully thwarted the judicial process by refusing acceptance of an official court notice concerning his case, and now attempts to cast blame on the court for his own neglect and avoidable failures.

*Id.*

Similarly, in this case, the Defendants failed to respond to Wells Fargo's October 10, 2022 First Set of Requests for Admission, Interrogatories and Requests for Production of Documents. On November 29, 2022, Wells Fargo granted the Defendants an additional two weeks, or until December 9, 2022, to respond to the discovery. However, having received no response, Wells Fargo filed a Motion to Compel on December 20, 2022. A hearing on the Motion to Compel was held on

February 3, 2023, wherein the trial judge granted the motion and ordered the Defendants to respond within fifteen days. When the Defendants failed to comply with the court order compelling them to respond in full to the discovery, Wells Fargo filed a Motion to Dismiss for Failure to Comply with Discovery on March 15, 2023.

In consideration of the *Horton* factors, we find there is sufficient evidence in the record to support the conclusion that the Defendants failure to comply with discovery was willful and warranted the harsh remedy imposed by the trial court. Accordingly, trial judge was within his discretion in dismissing the Defendants' third reconventional demand.

***Due Process and Equal Protection Rights and Fair Housing Rights:***

The last issue raised by the Defendants is whether the trial court "committed reversible error when it colluded with Well[s] Fargo and the Law Firm of Dean Morris to deny Appellants their Due Process and Equal Protection rights and Fair Housing rights, under the 14th Amendment and the Fair Housing Act, 42 U.S.C. §3601 etc."

The Defendants supplemented and amended their reconventional demand multiple times,[2] asserting claims based on the following statutes: La.R.S. 9:4833, titled "Request to cancel the inscription of claims and privileges; cancellation; notice of pendency of action"; La.R.S. 51:2254, titled "Unlawful financial practices"; 42 U.S.C. §3601 titled "Declaration of policy [for fair housing throughout the United

---

[2] On May 23, 2022, the Defendants filed an Answer, Affirmative Defenses, and Reconventional Demand. Also on that date, the Defendants filed a Supplement to Reconventional Demand, which added that Wells Fargo's actions violated their rights under the Fair Housing Act, 42 U.S.C. § 3601. On July 29, 2022, the Defendants filed a 2nd Supplement to Answer to Wells Fargo's Amended Petition and Defendant[s'] Petition for Reconventional Demand, alleging the same causes of action as in their previous filings. On September 27, 2022, the Defendants filed an Amended Reconventional Demand, which addressed Wells Fargo's improper lien on the Defendants' property and requested damages in the amount of $368,595.00.

States]"; 42 U.S.C. §3613, titled "Enforcement by private persons"; and 42 U.S.C. §3617, titled "Interference, coercion, or intimidation." However, on September 26, 2022, the trial court ruled that these claims had prescribed and no appeal was taken from these rulings.

Although the Defendants filed their last Amended Reconventional Demand on September 27, 2022, the only claim raised at that time involved the improper lien on the Defendants' property back in 2014. Specifically, the amended reconventional demand stated, in pertinent part (footnotes omitted):

> This Court has denied/dismissed all of Petitioners' defenses and Reconventional Claims to retain Petitioners' Home. Therefore, Petitioners have lost Petitioners Home. But for Wells Fargo improper lien on Petitioners' property at 3097 Hwy 167, Opelousas, Louisiana, Petitioners could have sold or refinanced the 3097 Property and paid the monthly mortgage notes and thus retained Petitioners' Home.

However, as previously stated, we find that the trial court acted within his great discretion in dismissing this sole claim because of the Defendants failure to comply with the trial court's discovery order.

For these reasons, we affirm the May 10, 2023 judgment granting Wells Fargo's Motion to Dismiss for Failure to Comply with Discovery Order. The costs of this appeal are assessed to the Defendants, Joseph Jones a/k/a Joseph Lawrence Jones and Rebecca Mae Valmont Jones a/k/a Rebecca Mae Valmont.

**AFFIRMED.**